CONSTANTINE T. SCHLUETER, PLAINTIFF IN ERROR, V. RAYMOND BROTHERS & CO., DEFENDANTS IN ERROR.

**Assignment:** ATTACHMENT. Property held by an assignee, under a valid assignment for the benefit of creditors, is not subject to attachment or garnishment for the assignor's debts.

ERROR to the district court for Saline county, to which the cause had been brought on error from the county court.

*Hastings & McGintie,* for plaintiff in error, cited *Lupton v. Cutter,* 8 Pick., 298. *Gore v. Clisby,* Id., 555. *Tucker v. Clisby,* 12 Id., 22. *Sanford v. Bliss,* Id., 116. *Price v. Masterton,* 35 Ala., 483. *Lightfoot v. Rupert,* 38 Id., 666. *Kimball v. Mulhern,* 15 Ill., 208. *Case v. Ingersoll,* 7 Kan., 367.

*M. B. C. True,* for defendants in error.

The interest of the garnishee relates solely to a just determination of the amount due from him to the judgment debtor. He can have no interest in the disposition of that amount after it is determined to his satisfaction. But the question in this case is—not as to the amount due from him but—to whom shall he pay the money he holds.

Clearly, then, sections 29 and 30 of the code of civil procedure apply here, and must exclude plaintiff from this litigation, because he has no real interest in the subject matter. Garnishment proceedings are but a part of the original suit. The judgment debtor, whose property is sought to be taken by such proceedings, has an interest in the just determination of the amount due from the garnishee, and disposition of the money under the order of the court, and of all the proceedings of the court he

takes constructive notice, if not actual. The affidavit, the foundation of the suit by garnishment, is filed in the original action. A judgment in attachment or garnishment is a judgment in rem, and all persons interested in the subject matter of the judgment are parties to the action and bound by it. Broom's Legal Maxims, 956-7. *Croudson v. Leonard,* 4 Cranch, 434. *Hollingsworth v. Barbour,* 4 Peters, 475.

GANTT, CH. J.

The defendants in error recovered a judgment against Brigham and Hassler in the county court. Execution was issued on this judgment, upon which the officer made return that he could find no property whereon to levy the same. The plaintiff in error was then summoned as garnishee, touching the rights, credits, and property of Brigham and Hassler in his possession. To this garnishment his answer substantially states that on the 22d of August, 1876, Brigham and Hassler made and executed to him a voluntary assignment of all their property and effects of every description whatever, for the benefit of all their creditors; that he accepted the trust, and was proceeding with the execution of the same when he was summoned as garnishee. The irregularity of the mode of proceeding in the county court in taking this answer must not prejudice the rights of the plaintiff in error, and therefore the answer will be considered as if it had been properly taken.

On the fifth of March, 1877, the county court ordered that C. T. Schlueter pay into the court the sum of $128.88, within thirty days, to be applied in payment of the judgment of defendants in error against Brigham and Hassler.

Under section 249 of the civil code, this amount, if not paid by the garnishee according to the order of the

court "shall be collected by execution, as in other cases, as near as may be," and therefore the order is final and may be reviewed upon error.

The only question presented for our consideration by the record of the case is, whether property in the possession of an assignee, under a 'valid assignment for the benefit of creditors, is liable to attachment for the assignor's debts. In this case, the assignment was made without any preferences being declared; it provides for an equal distribution among all the creditors of Brigham and Hassler. And in such case, it seems to be the well settled rule of law that the property in the hands of the assignee is not subject to attachment or garnishment.

In *Case v. Ingersoll*, 7 Kan., 372, it is decided that "property held by an assignee, under a valid assignment for the benefit of creditors, is not subject to attachment or garnishment for the assignor's debts." Drake on Attachment, § 511. *Colby v. Coates*, 6 Cush., 558. *Farmers' Bank v. Beaston*, 7 Gill. & John., 431. *Cook v. Rogers*, 14 Am. L. Reg., 633, and authorities cited.

In *Brashear v. West*, 7 Pet., 614, it is said "that a general assignment of all a man's property is, *per se*, fraudulent, has never been alleged in this country. The right to make it results from that absolute ownership which every man claims over that which is his own. * *. * A conveyance of all his property for the payment of all his debts is not of itself calculated to excite suspicion."

In the case at bar, the assignment is not shown to be fraudulent, and there is no pretence that the plaintiff in error was not a suitable person to be assignee. The judgment of the district court and also that of the county court is reversed, and the action in garnishment is dismissed with costs.

JUDGMENT ACCORDINGLY.