WILLIAM W. WILSON AND R. O. PHILLIPS, PLAINTIFFS IN ERROR, V. R. O. BURNEY, DEFENDANT IN ERROR.

1. **Practice:** RETURN OF SHERIFF: GARNISHMENT. Return of a sheriff to an execution that "he cannot find any chattel property belonging to the within named defendants whereon to levy this writ," is sufficient to authorize proceedings in garnishment under section 244 of the code.

2. **Garnishment.** Where a garnishee has been properly served with process, and has appeared and answered, and an order has been made by the court requiring him to pay a certain sum owing by him to the debtor into court, from which order no appeal is taken, such order cannot be attacked collaterally.

3. **Principal and Surety:** RIGHTS OF SURETY. A surety is entitled to all the securities held by the creditor against the principal debtor, and to stand in his shoes, and it makes no difference that the security is in the form of an order upon garnishees to pay money into court.

ERROR from the district court of Lancaster county. The opinion states the case.

*Mason & Whedon*, for plaintiff in error.

1. The payment of the judgment by the defendant in error, who was one of the parties thereto, extinguished it, and his only remedy was by action against Taylor. *Bank of Saline county v. Abbott*, 3 Denio, 181. *Ontario Bank v. Walker*, 1 Hill, 652. *Preston v. Stallworth*, 37 Ala., 402. *White v. Brown*, 5 Dutch, 307.

Wilson v. Burney.

*Briley v. Sugg,* 1 Dev. & B. N. C. Eq., 366. *Wyman v. Davenport,* 9 Mass., 138. *Harbeck v. Vanderbilt,* 20 N. Y., 335.

2. The assignment of the judgment by Humphrey Bros. was in writing, and assigned the judgment only. See assignment in record. And being in writing its terms could not be changed or enlarged by parol testimony. 2 Phillips on Evidence, p. 540, and cases in note. *Frost v. Blanchard,* 97 Mass., 155. *Dudley v. Vose,* 114 Mass., 34. *Galpin v. Atwater,* 29 Conn., 93. *Howard v. Thomas,* 12 O. S., 201. *Johnson v. Pierce,* 16 O. S., 472. Wharton on Evidence, Sec. 921. *Osborne v. Hendrickson,* 7 Cal., 282. The court below admitted evidence to prove that the cause of action sued on was included in the assignment of the judgment. This evidence was objected to and objection overruled. The defendant then moved to strike out this evidence, which motion was overruled. The ruling of the court in this, under the authorities cited, was erroneous, and should be reversed.

3. The answer in garnishment shows, as does the evidence of the witness Wilson, that at the date of service of summons in garnishment the plaintiffs in error were not indebted to Taylor. Peck had presented an order which was accepted, and the verbal acceptance was good. Chitty on Bills, p. 236. *Ward v. Allen,* 2 Metc., 53. *Bank v. Woodruff,* 34 Vermont, 89.

*N. C. Abbott,* for defendant in error.

1. The payment of a judgment by a surety therein named, with an assignment to him, does not extinguish the same. *Dempsey v. Bush,* 18 Ohio State, 376. *Coffee v. Tevis,* 17 Cal., 239. *Mathews v. Aikin,* 1 N. Y., 595. *Eno v. Crooke,* 10 N. Y., 60. 2 Bouvier, " Subrogation." 1 Leading Cases in Equity, 148, 149, 150, and cases there cited.

2. The assignment of the judgment carried with it all the rights of original creditors, including the order in garnishment. An order in garnishment is in the nature of a lien upon the property or money in the garnishee's hands. In *Board of Education v. Scoville*, 13 Kan., 29, the court says: "The garnishment lien attaches when the garnishee is served with notice, and continues until the attachment is dissolved or the plaintiff's claim is satisfied." See also, Gen. Stat. of Neb., Sec. 212, p. 559.

MAXWELL, CH. J.

On the seventh day of April, 1876, Humphrey Brothers commenced an action before a justice of the peace against Horace Taylor, E. A. Berry, and the defendant, and on the thirteenth of that month recovered judgment against Taylor as principal, and Berry and Burney as sureties, for the sum of $69.16 and costs of suit. On the same day an execution was issued on said judgment and returned by the sheriff: "I hereby certify that I cannot find any chattel property belonging to the within named defendants whereon to levy this writ."

On the same day the plaintiff filed an affidavit setting forth that they had good reason to believe "that the firm of Wilson & Phillips were indebted to the defendant, Horace Taylor, in a certain sum of money subject to application on the judgment."

Summons was thereupon issued requiring said garnishees to appear and answer under oath touching their indebtedness to Horace Taylor. On the next day one of the garnishees appeared and the examination was continued until the twenty-second of that month. At the time fixed by the adjournment, Wilson appeared and filed an answer and was examined. The justice

thereupon made the following order: "Whereupon it is ordered by me that the said garnishee, Phillips and Wilson, pay into this court the sum of $85.00, or so much thereof as will satisfy the above judgment and costs of suit in full, and that they be released from obligation to the defendant in that amount." Phillips and Wilson did not appeal from this order, and failed to pay the money into court.

On the twelfth day of October, 1876, an execution was issued on the original judgment, and the amount due thereon was paid by the defendant herein as surety for Taylor. The surety took an assignment of the judgment to himself, and brought an action against the plaintiffs herein as garnishees. On the trial of the cause judgment was rendered in his favor, to reverse which the cause is brought into this court by petition in error.

The proceedings in this case were instituted under section 244 of the code of civil procedure. The return of the sheriff shows that there was no property of the defendant's in the original action upon which to levy. For the purposes of this action, the return of the officer upon the execution is conclusive. *Jones v. Green et al.*, 1 Wallace, 331. Service in the proceedings in garnishment was had upon the plaintiffs. Wilson answered, denying substantially being indebted to Taylor, but his answers to the interrogatories as to his indebtedness to Taylor are of a very unsatisfactory character, and justified the court in finding that the plaintiffs were indebted as claimed, and in making the order requiring the payment into court. But as no appeal was taken by the plaintiffs in that case from the order of the justice, it must be held as conclusive and cannot be enquired into in this proceeding.

The only remaining question to be considered is, whether the surety is entitled to the securities held by

the creditor. The principle is well settled that upon the payment of the debt by the surety, he is entitled to the securities held by the creditor against the principal debtor, and to stand in his shoes, and it can make no difference that the security is in the form of an order upon garnishees to pay money into court. It follows that the defendant, being entitled to be subrogated to the creditor's rights in the premises, the judgment of the court below must be affirmed.

JUDGMENT AFFIRMED.