TIMOTHY CLARK, PLAINTIFF IN ERROR, V. JEFFERSON
H. FOXWORTHY, DEFENDANT IN ERROR.

1. **Garnishment in Aid of Execution.** In cases of garnishment in aid of execution, no personal *judgment*, based upon the testimony of the garnishee, is allowed, but simply an *order* for him to pay the amount admitted to be due and payable from him to the defendant in execution. Such an order may be enforced by means of an ordinary execution.

2. ———: PERSONAL JUDGMENT: If a personal judgment is required against the garnishee, resort must be had to a personal action, as is provided in sec. 225 of the code, in cases of garnishment before judgment.

3. ———: SUMMONS. Upon a summons in garnishment, no indorsement of an amount for which judgment will be taken is required.

CLARK recovered judgment against Yearnshaw in the county court of Lancaster county. Execution issued and returned *nulla bona.* Affidavit for garnishment and summons issued to Foxworthy, garnishee. Finding by the court that Foxworthy had $227 belonging to Yearnshaw, etc., and an order that same be paid into court, and judgment that Clark have and recover of and from Foxworthy the said sum and costs. The district court, POUND, J., presiding, reversed this judgment, and Clark brought the case here upon a petition in error.

*A. J. Sawyer,* for plaintiff in error.

*John H. Ames* and *Jefferson H. Foxworthy,* for defendant in error.

LAKE, CH. J.

It appears from the transcript of the proceedings before the county judge that, upon the close of the examination of the garnishee, a formal judgment was entered against him, in favor of the plaintiff in execution, for the sum of two hun-

dred and twenty-seven dollars, together with the costs of the proceeding. This was clearly erroneous. There was no authority at this stage of the proceeding for doing more than simply to order the garnishee to pay over the amount found to be due and payable from him to the defendant in execution, upon his own admission, not exceeding, of course, the amount due upon the execution and costs of the proceeding in garnishment. Sec. 249, code of civil procedure. And this section seems to authorize the enforcement of such order, or rather the payment of the money, by means of an ordinary execution; in this respect differing from garnish-ment before judgment, wherein no execution can be re to against the garnishee, except upon a personal judgment against him in a new and independent action brought by the attachment creditor under sec. 225 of the code.

It is evident that, as before stated, an order for the payment of money under sec. 249, can be rightly made and enforced by execution only upon an unqualified admission by the garnishee of a present indebtedness, which the execution debtor would be entitled to but for the garnishment. If the garnishee make any legal or equitable claim to the amount in his hands, or if he insists upon his right to retain it for any lawful purpose, the order cannot be made, for in such case the controversy must be determined by action, as in garnishment before judgment, so that the constitutional right of a jury trial, secured by sec. 6 of the Bill of Rights, may be availed of.

With this understanding of the law governing the case, we need but glance at the testimony of the garnishee to see that even an unqualified order for him to pay any definite amount at once, would not have been proper. Without delaying to particularize, but taking his entire story on the witness stand, we must say that to our minds it is evident he did not, even conceding he could have done so, fix upon any sum as being then due and payable. As he claimed, and seemed to understand the matter, there was a large

Clark v. Foxworthy.

balance of indebtedness in his favor, which he and the execution debtor, prior to the garnishment, had arranged should be satisfied out of the money in his hands. He conceded that there might be a small surplus after this was done, but the nearest he came to fixing its amount definitely was that it might be from fifty to one hundred and fifty dollars. As to the items of the amount due him from Yearnshaw, the execution debtor, which were to be paid out of this money, but a single one had been definitely determined, and this was the sum of three hundred and seventy-five dollars, agreed to be taken in satisfaction of a note calling for seven hundred and fifty dollars. The rest, substantially, were open, unsettled accounts, awaiting future adjustment.

Under this sort of showing the garnishee could have been ordered to retain and pay over for the use of the execution creditor any surplus found to remain after satisfying his own just claims upon the fund. If he failed to do this within a reasonable time, or if his disclosures were deemed evasive or in any material part unsatisfactory, redress was open by means of a personal action given by sec. 245 of the code, which provides that in garnishment in aid of execution, after the service of the summons, " like proceedings shall be had therein, and said garnishees shall be held liable, in all respects, as in cases of garnishees before judgment."

Quite a large number of points were made and discussed by counsel, but all of them we think, including that of the indorsement upon the summons of the amount for which judgment would be taken, are practically disposed of by our holding that a personal judgment in such cases is improper. As to the indorsement, however, we will merely add that upon this sort of summons it is not required; it is entirely inapplicable. It is only in actions for the recovery of a money judgment that such an indorsement is requisite.

JUDGMENT AFFIRMED.