THE BURLINGTON AND MISSOURI RIVER RAILROAD COMPANY IN NEBRASKA, PLAINTIFF IN ERROR, V. THE CHICAGO LUMBER COMPANY, DEFENDANT IN ERROR.

1.  **Railroad:** DEMURRAGE.  A railroad company is not entitled to charge demurrage for freight standing in its cars, unless by virtue of contract or statutory law, or possibly by such use and custom as may have acquired the force of law.

2.  ———: EXPENSE: UNLOADING FREIGHT.  A railroad company cannot collect charges for unloading freight which it converts to its own use at the time of such unloading.

3.  ———: COMMON CARRIER:   INCREASE OF CHARGES FOR TRANSPORTATION.  A railroad company, as a common carrier, cannot legally increase the charges for transportation by wrongfully diverting freight from its proper course in transit.

4. Practice: PREJUDICIAL ERROR MUST APPEAR. A new trial will not be ordered unless prejudicial error is shown by the record.

ERROR to the district court for Otoe county. Tried below before POUND, J.

*J. L. Mitchell* and *Marquett & Deweese,* for plaintiff in error, argued the cause on the facts alone.

*Watson & Wodehouse,* for defendant in error, cited: Hutchinson Carriers, §§ 473, 474, 478. *Adams v. Scott,* 104 Mass., 164. *Gage v. Morse,* 12 Allen, 410. *Crommelin v. Railroad,* 4 Keyes, 90. *Young v. Moeller,* 5 Ellis & B., 589.

REESE, J.

This is an action in garnishment commenced in the district court of Otoe county by the defendant in error, a judgment creditor of one William W. Babbitt, against the plaintiff in error, as a supposed debtor of the said Babbitt.

The answer of the plaintiff in error discloses the fact that at the time of the service of the summons in garnishment it was indebted to the said Babbitt in the sum of $144.51 for overcharges, before that time made, on freight. Said answer discloses the further fact that it had in its possession at said time one hundred and fifty-three tons and fourteen hundred pounds of coal (eleven carloads) consigned to the said Babbitt, and worth, as it alleges, four dollars per ton, amounting to $616.10; but it further alleges that its charges against said coal amount to the sum of $1,029.63, which it itemizes as follows: Freight and back charges, $666.63; demurrage, eighty-five days in car, $330; unloading coal, $33; being $413.52 more than the alleged value of the coal. The plaintiff in error therefore insists it was not indebted to said Babbitt in any amount.

It is shown by the evidence in the trial of the cause that

at the time of the unloading of the coal by the plaintiff in error, it converted it to its own use, unloading it into its own bins.

The finding of the district court was in accordance with the above facts, and judgment was rendered against the plaintiff in error, and in favor of the defendant in error, for the said sum of $144.51.  Both parties excepted to the ruling of the court, but the plaintiff in error, only, brings the case into this court by petition in error, alleging that the court erred in rendering judgment against it, for the reason that the judgment is contrary to law, and contrary to and inconsistent with the findings of fact by the court; also in not discharging the plaintiff in error without liability as garnishee.

According to our view of the case, it will not be necessary to examine the alleged errors separately, as we can best present our conclusions by grouping all together.  But before doing so it is proper to note the fact that the defendant in error in the course of the trial offered testimony to prove that the coal was worth $8 per ton instead of $4 as claimed by plaintiff in error, but upon objection by plaintiff the offer was overruled by the court and the evidence excluded.  This ruling must have been made upon the theory that the whole matter of the eleven carloads of coal should be left out of the question, and the findings of the court upon that subject were not intended in any respect as a basis for the judgment.  In this we think the district court was correct, at least if the court did err it was against the defendant in error and not the plaintiff.

The plaintiff in error concedes in its brief that the freight charges were more than the value of the coal, but seeks to explain that fact by saying "the coal was wrongfully turned in transit from its proper course; it should have come over the Council Bluffs and St. Joe Railroad, and it was turned and went the roundabout way, meeting with several wash-

outs which caused the freight to be more than the coal."
This explanation we think will hardly meet the case. We
know of no rule of law which will permit railroad compa-
nies, as common carriers, to "wrongfully" send freight by
a "roundabout" way, instead of over its direct lines, and
thus increase the cost of transportation. While this course
might be instrumental in increasing the revenues of the
carrier, it would be very injurious to the commerce of the
country, which requires not only cheap but direct and rapid
transportation.

To these charges for freight was added another burden-
some charge, that of demurrage. It is claimed by the
plaintiff that this freight was allowed to stand in its cars
in all eighty-five days, *i.e.* equivalent to one car that num-
ber of days, and for this it charges $330. It is not claimed
that this charge was made by virtue of any contract be-
tween the shipper and the carrier, nor yet by any statutory
enactment permitting it, or by any use or custom which
may possibly have acquired the force of law. And we
are unable to see how any such charge can be insisted upon
in this action. We know of no authority for it, and our
attention has been called to none.

In *Chicago and North Western Ry. Company v. Jenkins,*
103 Ill., 588, it is decided that the right to demurrage does
not attach to carriers by railroads. If it exists at all, as a
legal right, it exists only as to carriers by sea-going vessels,
and is confined to maritime law. As to whether demur-
rage might be charged in case of a contract to that effect
we express no opinion, but that it cannot be allowed in
this case we have no doubt.

The charge of $33 for unloading the coal is equally ob-
jectionable. The proof shows that the plaintiff in error
unloaded the coal into its own bins for its own use. There
is no claim that it cost any more to unload *this* coal than
it would had it belonged to the plaintiff in error in the
first instance. Why should it charge for doing with this

coal the same as it would have had to do with its own? We can see no reason for such charge, and it should not be allowed.

From the foregoing we are led to the conclusion that the district court did not err, as against the plaintiff in error in the judgment rendered; that if its judgment was erroneous the defendant in error is the only sufferer thereby, but as it is not seeking any relief at the hands of this court the judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.