SAMUEL W. HOLLINGSWORTH, PLAINTIFF IN ERROR, V. JOHN FITZGERALD, DEFENDANT IN ERROR.

Garnishment: ORDER ON GARNISHEE NOT CONCLUSIVE. In an action by an attachment plaintiff against a garnishee, founded upon an order of court, made upon the answer of such garnishee, to pay money into court, the order requiring such payment is not conclusive as to the indebtedness of the garnishee, nor as to his rights, and the question of indebtedness at the time of the service of notice of garnishment may be inquired into in an action brought by the attachment plaintiff against the garnishee. *Wilson v. Burney,* 8 Neb., 39.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*Allen W. Field,* for plaintiff in error.

*Marquett, Deweese & Hall,* for defendant in error.

REESE, J.

On the 15th of September, 1879, the plaintiff in error commenced an action in the county court of Lancaster county against one Tyra Lines, and at the same time caused an order of attachment to issue against the property of said Lines. Under this order of attachment the plaintiff in said action caused garnishee process to be served on the defendant in error, who appeared in the county court

.and made answer as to his indebtedness to Lines. Subsequently the defendant in error recovered a judgment .against Lines for the sum of $380.81, and an order was then made requiring the defendant in error to pay into court the sum of $570.40, that being the amount of indebtedness found due from the defendant in error to Lines. From this order no appeal was taken by the defendant in error. Afterwards the plaintiff in error brought suit in the county court against defendant in error on the judgment and order of the court in the garnishment proceedings. Judgment being rendered in his favor, the defendant in error appealed to the district court where a trial resulted in a similar judgment, which, upon review by this court, was reversed and remanded for a new trial. (See *Fitzgerald v. Hollingsworth*, 14 Neb., 188.) Upon a retrial in the district court, judgment was rendered in favor of defendant in error, and the plaintiff in error, who was plaintiff below, prosecutes error to this court.

Notwithstanding the fact that the pleadings are the same .as at the time of the first trial and review, yet the issues .of law now presented to this court are, and seem to have been upon the trial below, entirely different. In the former proceedings the plaintiff in error, by his evidence in the district court, and by his brief and argument in this court, .seemed to rely entirely upon the fact of the actual indebtedness of the defendant in error to Lines, and upon that issue and the law applicable thereto the decision reported in 14 Neb. was made. In the latter proceeding an entirely new question is presented, and that is as to the conclusiveness of the judgment or order of the county court requiring the defendant in error to pay into court the money found due from him to Lines. If that judgment or order so long as it remains unreversed is conclusive as to the rights of the parties thereto, then the plaintiff in error is entitled to recover the amount thereof from the defendant in error.

By section 207 of the civil code it is provided in sub-

stance that, upon the plaintiff in an action filing an affidavit that he has reason to believe and does believe that some third person, naming him, has property of the defendant in his possession, if the officer cannot come at the property he shall leave with the garnishee a copy of the order of attachment with a written notice requiring him to appear in court and answer concerning the same.

Section 221 requires his answers to the questions to be propounded to him touching the property of every description and the credits of the defendant in his possession or under his control to be under oath, and that he shall disclose truly the amount owing by him to the defendant, etc.

Section 212 provides that the garnishee shall stand liable to the plaintiff in attachment for all property, moneys, and credits in his hands or due from him to the defendant from the time he is served with the written notice mentioned in section 207.

Section 224 provides that the court, upon finding the garnishee indebted to the defendant, may order the garnishee to pay the amount owing by him into court. But no provision is made by the statute for the enforcement of this order by execution, imprisonment for contempt, or otherwise. Nor is this order anywhere treated as a final judgment of the court making it.

It is insisted that the first clause of section 226, which provides that "Final judgment shall not be rendered against the garnishee, until the action against the defendant in attachment has been determined," is conclusive that the order provided for in section 224 is a judgment, and must be treated as such. We cannot so consider it. This provision evidently applies only to the provisions of section 225, which provides for an action in the ordinary form against a garnishee who has failed to appear and answer, or whose disclosures are not satisfactory to the plaintiff, or who fails to comply with the order of the court in delivering over the property in his possession, or pay-

ing into court the money in his hands, or the giving of the undertaking provided for in section 224. In the action provided for in this section judgment may be rendered against the garnishee in favor of the plaintiff, and this judgment "may be enforced as judgments in other cases." But no final judgment in this proceeding shall be rendered against the garnishee until the action against the defendant shall be determined in favor of the plaintiff.

It is next claimed by the plaintiff in error that the decision of this court in *Wilson v. Burney*, 8 Neb., 39, is decisive of this case and sustains the view taken by him. But upon a careful consideration of that case we fail to find it so. That decision is based upon section 244 *et seq.*, of the civil code, which provides specially for proceedings by garnishment after judgment, and after a failure to collect upon execution. Plaintiff in error claims that the same rules must apply to these sections as to the law of garnishment upon attachment, and before judgment, and in support of his position cites section 245, which provides that after the service of summons, and the appearance of the parties, "like proceedings shall be had therein, and said garnishees shall be held liable in all respects, as in cases of garnishees before judgment." This provision is general, and no doubt refers to the methods to be adopted for the purposes of ascertaining the indebtedness and liability of the garnishee. But by section 249 it is provided that the order of the court shall be that the garnishee "pay over the amount found to be due from the garnishee to the defendant in execution, which amount *shall be collected by execution*, as in other cases, as near as may be, and such amount when paid or collected, shall be credited on the original judgment, and the garnishee shall be credited for the amount so paid or collected." By this section the order of the court is given all the force and effect of a judgment. The method of enforcing it as a judgment is provided, and we think it must be so treated.

In *Schlueter v. Raymond Bros & Co.*, 7 Neb., 281, it is held that this order when made is a final order and may be reviewed on error. The decision in *Wilson v. Burney, supra,* is but following the ruling in *Schleuter v. Raymond Bros & Co.,* and in strict accordance with section 249 of the code. But we do not think the right of review necessarily carries with it the conclusiveness of the order or judgment sought to be reviewed. An order may affect a substantial right and be subject to review and not be properly denominated a judgment. However that may be, we do not believe the cases of *Turpin v. Coates,* 12 Neb., 321, and *Clark v. Foxworthy,* 14 Neb., 241, militate against the views herein expressed.

The question presented in this case was decided by the supreme court of Kansas in *Board of Education v. Scoville,* 13 Kas., 17, in which it is held that the order of a judge *pro tem.* in a proceeding in aid of execution, and an order of a justice in an attachment. proceeding; for a garnishee to pay over money, are neither of them judgments, and are not a final determination of the case. In that case the court by Valentine, J., says, " The making of them is not an adjudication between the parties. It does not determine their ultimate rights. It simply gives the creditor the same right to enforce the payment of the money from the garnishee that the debtor previously had. It is in effect only an assignment of the claim from the debtor to the creditor. The creditor gains no more or greater rights than the debtor had, and the garnishee loses no rights."

In *Rice & Burnett v. Whitney,* 12 Ohio State, 358, the plaintiffs caused the defendant to be garnished in a suit of the plaintiff against Evans in which an attachment had been issued. Upon Whitney's answers the justice of the peace before whom the action was pending ordered him to pay $24 into court. He refused to make the payment, and an action was brought against him as in this case. In

making his defense he offered to show that prior to his answers in the garnishment proceedings Evans had assigned the claim against him to another party, and that in his answers to the justice he stated that he was indebted to Evans or. Wyman, the assignee of the claim, he did ' know which, as he did not know whether the alleged assignment was actual and *bona fide* or not, but that the justice did not fully write down his answer stating these facts. He also offered to prove that Wyman had brought suit on the claim after the garnishment, and he had been compelled to pay it, and that at the time of the garnishment he was not indebted to Evans. The court of common pleas rejected all of the evidence thus offered and rendered judgment against him. Upon error to the circuit court the decision of the court of common pleas was reversed when the plaintiffs took the case to the supreme court on error for review. We feel justified in quoting at some length from the opinion in that case as it very clearly expresses our views. We quote as follows: " A garnishee is required to appear and submit to an examniation, and if the justice comes to the conclusion that the statements made by the garnishee amount to an admission of indebtedness he may order the sum admitted to be due to be paid into court. But the only mode by which such an order can be enforced is by an action against the garnishee. The examination and the order thereupon were not intended as a summary remedy for the collection of the debt, but to put the plaintiff in attachment in a position to enforce the claim of the defendant in attachment against the garnishee in the ordinary mode—by action. The action would be a useless and expensive form if the garnishee had been already concluded by the order. Unless the statements of a garnishee could be made in all cases with a clear understanding of his rights and liabilities, and in such a manner as to be neither innocently misstated nor misunderstood, it would be unjust to give to those statements a conclusive effect and ad-

mit no explanation. It would be the more unjust as the garnishee is called upon in a proceeding in which he has no interest for the benefit of a stranger, and no provision is made for accuracy in reducing that statement to writing, or to secure the garnishee the right to contest the construction which the justice may put upon it, and the inference he may draw that an indebtedness is admitted." The judgment of the district court was affirmed.

Without examining authorities further, and we have found no others, we have come to the conclusion that the decision of the county court in ordering the defendant in error to pay the money found due Lines into court was not conclusive as to the amount due Lines at that time, and that in the action brought on the order by the plaintiff in error the defendant in error (garnishee) had the right to show that at the time of the service of the notice of garnishment he was not in fact indebted to Lines at all. Of course this inquiry by him must be limited to the time of the service of the notice, and he could not be permitted to say that after such service he had paid the money to others or disposed of the property in his hands.

It may be asked what is gained by the garnishment proceedings if their determination is not conclusive upon the question of the indebtedness of the garnishee? We answer that it is a method, upon belief, of ascertaining whether or not any indebtedness exists, and if any, the amount, as near as may be, and principally, of furnishing to the attachment creditor a means by which he may fix the liability of the garnishee for what he does owe, and in his own name bring suit for the money or property due his debtor. If the garnishee in his answer states facts which are conclusive as to his indebtedness, or if he positively and in direct terms admits his indebtedness, it would, in the after action by the attachment plaintiff, be difficult for him to avoid such statements or admissions unless shown to have been made under a mistake of fact. But if

so made we can conceive of no rule of right or of law which would punish him therefor by compelling him to pay what he did not owe. Again it frequently happens that an improper construction is placed upon his answers, which, if rightly construed, would in the first instance wholly exonerate him from any liability as garnishee. We think it clearly the intention of the law that such a decision should not be final, and that all the facts existing at the time of the garnishment might be inquired into by a jury if the garnishee so desired.

It might be claimed that the foregoing reasoning would apply with equal force to an order made under the provisions of sections 244 to 249, and that there is in reality no material difference between an order made before and one made after judgment. To this we have only to say that the distinction is made by the legislature which enacted the law, and not by the court. There are many good reasons which might be assigned for the distinction thus made, but it is not necessary to do so at this time. It is enough that it exists.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.