FREDERICK R. ALBRECHT, PLAINTIFF IN ERROR, V. JULIUS TREITSCHKE, DEFENDANT IN ERROR.

Exemption: GARNISHMENT OF LABORER'S WAGES. Where a judgment creditor procures the exempt wages due a laborer to be taken by garnishee process and applied to the payment of his judgment, a cause of action arises in favor of the judgment debtor against the creditor for the amount of such wages wrongfully appropriated, unless the right of exemption is waived by the debtor.

ERROR to the district court for Douglas county. Tried below before SAVAGE, J.

*J. J. O'Conner* and *Charles H. Brown,* for plaintiff in error.

*Redick & Redick,* for defendant in error.

REESE, J.

Plaintiff in error filed his petition in the district court, alleging substantially that he was the head of a family and had been for several years, being a married man and a resident of Douglas county, and that he lived with and provided for his family by day labor in the employment of the Omaha Smelting and Refining Company. That his only income and means for the support of himself and

family was the wages earned by him in his said employment as laborer. That on the 4th day of September, 1880, the Smelting Company was indebted to him in the sum of $31.40 for labor performed by him within the sixty days immediately preceding said date, and that his wages so due and owing to him from the said company were exempt from seizure by attachment, execution, and garnishee process. That at said time the defendant Treitschke had a judgment against him upon the docket of Charles Brandes, a justice of the peace, for the sum of $17.55 and costs of suit, amounting to $2.85; and on the 30th day of November, 1880, without his knowledge the said Treitschke procured a garnishee process to be issued by said justice of the peace to the said Smelting Company, requiring it to appear and answer as a garnishee, touching its indebtedness to him. That the company, by its proper agent, appeared and answered disclosing said indebtedness. Whereupon the said justice made an order requiring the company to pay said money into court for the benefit of Treitschke. That Treitschke immediately procured from the justice of the peace a copy of that order, called upon the paymaster of the Smelting Company and obtained the money so ordered to be paid, which was the sum of $25.05, notwithstanding the same was exempt to him by law. The petition alleges further that plaintiff had no knowledge of any of the proceedings in garnishment until after the money had been so paid, and that he was kept in ignorance of that fact by the contrivance and conspiracy of Treitschke and the justice of the peace. He therefore seeks to recover back from Treitschke the money so wrongfully obtained.

A general demurrer was filed in the district court to the petition, which was sustained, and to which the plaintiff excepted. He now assigns the ruling of the court for error and seeks a reversal of the judgment.

There is but one question presented by this case for decision, and that is, whether or not he can recover back from

Treitschke the money obtained from his employer. It is provided by section 531*a* of the civil code that the wages of laborers, who are heads of families, in the hands of those by whom such laborers may be employed, both before and after such wages shall be due, shall be exempt from the operation of attachment, execution, and garnishee process, but that not more than sixty days' wages shall be thus exempt. The petition brings the plaintiff within the provisions of this section. By the demurrer the allegations of the petition are admitted to be true. It is clear that the wages of plaintiff were exempt from execution or garnishee process. It is well settled that if exempt property is seized and applied to the payment of a judgment the owner may have his action against the wrong-doer, unless such exemption is waived by some act or omission of the debtor. *Haswell v. Parsons,* 15 Cal., 266. The wrong-doer in this case was the defendant. He has procured property to be applied to the payment of his judgment to which he was not entitled. He must refund it. *Phillips v. Hunter,* 2 H. Bla., 402.

The demurrer should have been overruled. The judgment of the district court is reversed and the cause is remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.