THE BURLINGTON & MISSOURI RIVER RAILROAD COM-
PANY IN NEBRASKA, PLAINTIFF IN ERROR, V. THE
CHICAGO LUMBER COMPANY, DEFENDANT IN ERROR.

1. **Garnishment after Judgment.** In proceedings in garnish-
ment after judgment, under section 249 of the Civil Code, if it is
found that the garnishee is indebted to the execution defend-
ant, the order of the court should be that the garnishee pay the
amount found due. If the order is not complied with, it may
be enforced by execution, as in cases where an ordinary judg-
ment is rendered.

2. ———: PRACTICE: GARNISHEE ESTOPPED. When a garnishee,
prior to the time when it is required to answer as to its indebt-
edness, fi es an answer as in an ordinary action, and issue being
joined thereon a trial is had and other witnesses are examined,
without objection to the course pursued, such garnishee will not
be permitted to question the regularity of the proceedings in the
appellate court.

REHEARING of case reported in 15 Neb., 392.

*T. M. Marquett* and *J. W. Deweese,* for plaintiff in error.

*John C. Watson,* for defendant in error.

REESE, J.

A rehearing having been granted in this case, it has
been re-submitted upon arguments and briefs of counsel.
In the opinion, 15 Neb., 392, it is said: "Judgment was
rendered against plaintiff in error and in favor of defend-
ant in error for the sum of $144.51." Attention having
been called to this language—as well as other statements of
substantially the same import—and it being apparent that
the use of the language, although through inadvertence,
might produce in the minds of some a wrong impression as
to the holding of this court upon the question of the au-
thority of the district court to render a general judgment

in proceedings in garnishment after judgment, a rehearing was ordered.

The record of the proceedings in the district court shows that no judgment was in fact entered, but that the garnishee, railroad company, was ordered to " pay over to said plaintiff herein, the Chicago Lumber Company, said sum of $144.51, and upon failing to do so execution issue therefor."

This is in accordance with the provisions of the statute. Section 249 of the Civil Code provides that, " In cases where the garnishee in answering such interrogatories shall disclose that he is indebted to the defendant in execution, the court shall order the garnishee to pay over the amount found to be due from the said garnishee to the defendant in execution, which amount shall be collected by execution, as in other cases, as near as may be; and such amount, when paid or collected, shall be credited on the original judgment, and the garnishee shall be credited for the amount so paid or collected." As the proceedings in this case were instituted and carried through under the provisions of section 244, *et seq.*, of the Civil Code, and including the section above quoted, and not under section 221 as claimed by plaintiff in error, it will be seen that upon a finding against the garnishee the order may be enforced by execution in the same manner as judgments are enforced. As stated in *Hollingsworth v. Fitzgerald*, 16 Neb., 495, the order of the court is given all the force and effect of a judgment. But, as in this case, it must be an order and not a judgment. To this extent the original opinion in this case should be corrected.

Plaintiff in error seeks to object to the proceedings in the district court as improper and irregular, and claims that the answers of the garnishee through its agent " were full and complete to the effect that the company was not indebted to Babbitt," and " if those answers were not satisfactory, an action might have been brought against the

company, in which action the legality of the company's charges for freight and demurrage could have been investigated."

This question cannot properly arise in this case, for the reason that the full issue was tendered by plaintiff in error by an answer, in the usual form of answers filed in civil actions, before the answers of the agent were taken under the garnishee process. By the filing of this answer, irregular though it may have been, plaintiff in error virtually tendered to defendant in error an issue upon all the allegations of fact contained therein. To this answer defendant in error filed a reply, denying each and every allegation contained therein. Upon the issue thus joined a trial was had.

While these proceedings may have been unusual, yet no objection seems to have been made by plaintiff in error. Indeed, it seems to have first suggested this course by presenting its answer.

It is now claimed that no question was made upon the correctness of the charges made by plaintiff in error, and that nothing should have been considered by this court outside of the questions presented by the record, viz., "Whether the garnishee is indebted to the defendant in the garnishment proceedings." By reference to the answer we find that plaintiff in error alleged the following facts:

*First.* That it was in no way indebted to the judgment debtor, and had no property in its hands belonging to him.

*Second.* That it had in its possession 154 tons of coal worth $4.00 per ton, shipped to the judgment debtor, amounting to $616.00; subject to freight and back charges, $666.63; demurrage on cars held by order of sheriff 675 days, $330.00; unloading eleven cars of coal, $33.00, making a total of $1,029.63 charges against the coal. These allegations being denied, the issue was tried to the court, and a finding made upon each item. The parties having elected to try the cause as in an ordinary

action, we do not see how they can now object to the proceedings adopted. While it is true, as claimed by plaintiff in error, that nothing could properly be considered beyond the simple question whether the garnishee was indebted to defendant in execution, yet it is equally true that all the questions discussed in the former opinion were presented upon the trial, and the district court, by reason of the issues formed, was required to pass upon the questions of fact thus presented, and those issues and findings were brought into this court by the record for review. According to the theory of plaintiff in error, as shown by its answer, all these questions were proper to be taken into consideration in arriving at a conclusion as to whether the garnishee was indebted to the execution defendant.

. The other questions presented by the brief were considered in the former opinion, and as we are unable to see that we were in error then, they need not be further discussed now.

The decision of the district court will stand affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.