UNION PACIFIC RAILWAY COMPANY, PLAINTIFF IN ERROR, V. JAMES SMERSH, DEFENDANT IN ERROR.

1. **Garnishment.** While an order made by a court in a proceeding in garnishment after judgment cannot be attacked collaterally, yet the garnishee afterwards may set up facts showing the amount owing by such garnishee to the debtor to be exempt from attachment or execution.

2. ———— : AFTER JUDGMENT. While the statute in proceedings in garnishment after judgment does not require notice to be given to the judgment debtor, yet the courts have power to require such notice to be given before the garnishee files his answer, in order that the debtor may protect his rights, and if the money or property is exempt, have an opportunity to plead the exemption.

3. **Exemption:** LABORER'S WAGES. Money which is absolutely exempt, such as the wages of laborers who are heads of families, for sixty days, is not subject to fraudulent alienation, and the fact that such wages are exempt is a complete defense to any proceeding to apply them to the payment of a judgment against the debtor.

ERROR to the district court for Douglas county. Tried below before WAKELEY, J.

*A. J. Poppleton* and *J. S. Shropshire,* for plaintiff in error, cited: *Schlueter v. Raymond Bros.,* 7 Neb., 281. *Tingley v. Dolby,* 13 Id., 371. *Wilson v. Burney,* 8 Id., 39.

*D. Van Etten,* for defendant in error.

MAXWELL, CH. J.

The defendant in error brought an action against one L. H. Webster, before a justice of the peace in Douglas county, and recovered a judgment for the sum of $45.83 and costs. Execution was duly issued on said judgment, and returned wholly unsatisfied. Afterwards an affidavit was filed before the justice alleging that the Union Pacific

Railway Company was indebted to Webster, and thereupon a summons in garnishment was issued and served on said company. The proceedings in garnishment are set forth in the transcript as follows :

" April 9, 1884, J. S. Shropshire, for garnishee, appeared and filed affidavit that garnishees were indebted to defendant in the sum of $53.90. Whereupon, the garnishee was ordered to pay the same into this court.

" June 3, 1884.   Amended answer of garnishee filed.

" June 3, 1884.   Affidavit of defendant filed.

" June 10, 1884.   Motion filed to discharge garnishee.

" STATE OF NEBRASKA, ⎱
    Douglas county.   ⎰

" The Union Pacific Railway Co., garnishee, by J. S. Shropshire, who, being duly authorized to answer herein, files this its amended and supplemental answer in the above entitled case, and says that the answer heretofore filed by the garnishee herein was by oversight and mistake incomplete in this, to-wit: That at the time said answer was filed the said garnishee was not in fact indebted to said defendant, as affiant is informed and believes, for the reason that on the 17th day of March, 1884, the defendant sold and assigned to one Charles Brandes, of Omaha, the money sought to be garnished herein, and that said garnishee had notice of said assignment, but by accident and mistake this affiant was not notified of said fact in time to set the same up in the answer of the garnishee, filed as aforesaid.  ·Affiant says that the said money answered as due said defendant was paid to the said assignee, who claimed and demanded the same.

"Affiant further says if the said money had not been assigned as aforesaid, but on the other hand was due and payable to said defendant, it would have been exempt to said defendant under the laws of this state ; that said defendant is a married man and the head of a family, consisting of a wife and children, whom he supports and with

whom he resides in Douglas county, and that the said money was earned by him as laborer's wages, all within sixty days immediately preceding the date of the answer aforesaid. Affiant says that said plaintiff and this court have had notice since the answer was filed herein that said money was exempt to said defendant, for the reason above set forth; but affiant believes that the said defendant up to this time has had no notice of the pending of said garnishment, and has had no opportunity to file his exemption.

"Wherefore garnishee asks to be discharged."

"STATE OF NEBRASKA, }
    Douglas county.      }

"L. H. Webster, being duly sworn, deposes and says that he is the defendant above named, that he is a *bona fide* resident of Douglas county, Nebraska, and has been for eighteen years last past; that he is a married man and the head of a family, with whom he resides in said Douglas county, and whom he supports; that the money sought to be garnished in this action, in the hands of the Union Pacific Ry. Co., was earned by him during the month of March, 1884, as a laborer; that prior to the service of the garnishment herein, to secure an indebtedness due to Charles Brandes, of Omaha, he assigned to said Brandes the money garnished in this action; that if the said money had not been assigned as aforesaid, it would have been exempt to him under the laws of this state, by reason of its being laborer's wages for less than sixty days, and he being the head of a family aforesaid. Affiant says that he only this day received notice of said garnishment, and was not aware that the court had made any order in respect to his earnings. Affiant further says that said plaintiff is well acquainted with this defendant, and well knows that the defendant is a resident of Douglas county, and that he is the head of a family, and that by reason thereof the said money is exempt to him under the laws of this state; but

that the said plaintiff is taking this course for the purpose of maliciously prosecuting and annoying this defendant.

"Wherefore defendant asks that the garnishee herein may be discharged, and the order on the garnishee to pay said money into court be revoked and set aside."

Section 531a of the code provides that, "The wages of laborers, mechanics, and clerks who are heads of families, in the hands of those by whom such laborers, mechanics, or clerks may be employed, both before and after such wages shall be due, shall be exempt from the operation of attachment, execution, and garnishee process; *Provided*, That not more than sixty days' wages shall be exempt; *Provided further*, That nothing in this act shall be so construed as to protect the wages of persons who have or are about to abscond or leave the state from the provisions of law now in force upon that subject; *Provided further*, That nothing in this act shall be so construed as to permit the attachment of sixty days' wages in the hands of the employer."

In *Wright v. C., B. & Q. R. R. Co.*, 19 Neb., 175, the court, in construing this statute, held that, "The wages for sixty days' services of laborers, mechanics, or clerks, who are heads of families, in the hands of those by whom such laborers, mechanics, or clerks may be employed, are exempt from execution, attachment, or garnishment, whether the employe is a resident of the state or not. Such wages are absolutely exempt." See also *Turner v. S. C. & P. R. R.*, 19 Neb., 241.

In *Albrecht v. Treitschke*, 17 Neb., 205, it is held that where a creditor obtained by garnishee process the exempt wages due a laborer, and applied the same to a judgment in his favor, a cause of action thereby arose in favor of the debtor against the creditor, unless the exemption was waived. It is said, p. 207, "It is well settled that if exempt property is seized and applied to the payment of a judgment the owner may have his action against the

wrong-doer, unless such exemption is waived by some act or omission of the debtor. *Haswell v. Parsons*, 15 Cal., 266. The wrong-doer in this case was the defendant. He has procured property to be applied to the payment of his judgment to which he was not entitled. He must refund it. *Phillips v. Hunter*, 2 H. Bla., 402."

In *Wilson v. Burney*, 8 Neb., 39, it was held that an order against a garnishee after judgment could not be collaterally attacked. See also *Clark v. Foxworthy*, 14 Neb., 241 ; and *B. & M. R. R. Co. v. Chicago Lumber Co.*, 18 Neb., 303. While the order is so far final that the garnishee cannot dispute it, yet if the proper proceedings are had before the payment of the money to the creditor to show that the money was absolutely exempt, it would be the duty of the court to withhold the money and refuse to apply it in satisfaction of the debt. There is nothing in this record to show that the railway company, at the time it answered had notice that Webster was the head of a family, and that therefore his wages for sixty days were exempt. But it does appear that Webster had no notice of the garnishment proceedings until a day or two before the motion to discharge the garnishee was filed. If the money in the hands of the U. P. R. R. Co., or in the hands of the justice, was exempt from levy, either by attachment or execution, and not liable to be applied to the payment of Webster's debts, he should be permitted to show that fact at any time before the payment of the money to such creditor. While the statute does not require notice to be given to the judgment debtor in cases of garnishment after judgment, yet it is obvious that such notice should be required in every case, and courts have undoubted authority to require such notice to be given. Otherwise it would be possible for a garnishee to answer, pay the amount owing by him to the debtor into court, and the court apply the same to the payment of the debt without the judgment debtor having any notice whatever. We hold, therefore, that the

judgment debtor, and also the garnishee, had a right to bring to the attention of the court facts showing that the money in question was not subject to the payment of the judgment in question, and that if paid could have been recovered in a proper action. The money being exempt was not susceptible of fraudulent alienation, and the debtor could make such disposition of it as he saw fit and plead the exemption, which if proved is a complete defense.

It follows that the judgment of the district court must be reversed and the cause remanded.

REVERSED AND REMANDED.

THE other judges concur.