MARY J. SCHALLER, PLAINTIFF IN ERROR, V. MARK A. KURTZ, DEFENDANT IN ERROR.

Garnishment: EXEMPTION. Where a judgment was obtained against a married woman, and execution issued thereon and returned no property found, and proceedings in garnishment were instituted against a debtor, who answered that he was indebted to her in the sum of $16, which it was made to appear was for board, and it was also made to appear that the execution defendant was living with her husband, who was a bedridden invalid, they having a family of children, and that she and her husband had neither houses, lands, nor town lots exempt from execution, and did not possess personal property of the value of $500 in lieu thereof, It was Held, That the money in the hands of the garnishee was exempt from seizure on garnishee process.

ERROR to the district court for Douglas county. Tried below before WAKELEY, J.

David Van Etten and T. M. Wetmore, for plaintiff in error, cited: Thompson on Homestead and Exemptions, Sec. 45. Bell v. Keach, 14 C. L. J., 298. Wilson v. McElroy, 32 Pa. St., 82. Waugh v. Burket, 3 Grant Cas., 319. Wade v. Jones, 20 Mo., 75. Sallee v. Watson, 17 Ala., 482. Smyth Homestead and Exemptions, Secs. 520,

521, 524, 532, 441.    *Wilson v. Cochran,* 31 Texas, 677.
*Brigham v. Bush,* 33 Barb., 598.

*A. C. Wakeley* and *Frank Irvine,* for defendant in error.

REESE, CH. J.

February 11, 1884, defendant in error, who is a dealer
in ladies' furnishing goods, recovered a judgment against
plaintiff in error for the sum of $22.55, with costs of
suit, before a justice of the peace in Douglas county.    On
February 20, 1885, execution was issued on the judgment,
and returned unsatisfied for want of property upon which
to levy.    The same day one Years was garnished, as a
supposed debtor of plaintiff in error.    On March 24,
1885, the garnishee answered that he was indebted to her
in the sum of $16, and was thereupon ordered to pay that
sum of money into court.    On that day plaintiff in error
appeared before the justice by her attorney, and filed an
affidavit of exemption, whereby she claimed that, inas-
much as her husband was sick and thereby prevented from
earning a livelihood, she was, for that reason, the head of
a family, and entitled to the statutory exemptions.    On
the 10th day of March of the same year, the garnishee
paid the money into court, as ordered, and which was paid
to defendant in error.

No proceedings of any kind were instituted for the pur-
pose of procuring a review of the decision of the justice,
but plaintiff in error commenced an action against defend-
ant in error for the said sum of $16, alleging the same to
have been wrongfully converted by him to his use.

A jury trial was had before the justice where the action
was pending, which resulted in a verdict in favor of plaint-
iff in error, and upon which a judgment was rendered.
Defendant in error then removed the cause to the district
court for Douglas county, by proceedings in error, and
which, upon a hearing, was reversed and the cause set down

for trial.   Plaintiff in error brings the cause to this court by proceedings in error, alleging that the district court erred in reversing the judgment of the justice of the peace.

There are two questions presented by the record for decision.   One is, was plaintiff entitled to a recovery of the money in this action against defendant in error, assuming that the money was exempt from execution?   2d, Was she the head of a family at the time the money was appropriated by defendant in error to the payment of his judgment?

The first question has already been answered and decided by this court in *Albrecht v. Treitschke*, 17 Neb., 205, and it was held that, where by garnishee process a creditor obtained the money of his debtor which was exempt from execution, a cause of action thereby arose in favor of the debtor against the creditor.   See also the cases cited in the opinion in that case, and in *U. P. Ry. Co. v. Smersh*, 22 Neb., 751.

The next question is one of considerable difficulty.   No record of the evidence introduced upon the trial before the justice of the peace has been preserved by the bill of exceptions, and it is impossible to say what the testimony upon that trial was.   As we have before us all that was before the district court, the only evidence which we can presume was before the justice of the peace and jury in that trial is the affidavit of plaintiff in error, filed in the office of the justice of the peace in which the garnishee proceedings were pending.   There is nothing in the record to show that even that paper was before the jury.   In the affidavit referred to it is stated that plaintiff in error was the wife of John Schaller, who was "sick, confined to his bed, and not expected to live, and has been sick for several years last past, becoming more and more debilitated, until now he is unable to labor and to aid in supporting their family, consisting of three minor children and affiant and her said husband, depending upon affiant for support, and

42

who as such is the head of the family." It is also averred that they resided in Douglas county, in this state, where they have resided for the past eighteen years; and that the family have neither land, town lots, or houses subject to exemption as a homestead; and giving a list of all the personal property owned by plaintiff in error and her husband, setting out specific exemptions, which are alleged to be of much less value than $500. It is alleged that the $16 due from Years to her is an unpaid board bill.

It sufficiently appears that the earnings of the wife are applied to the maintenance of her family, including her husband.

Section 521 of the civil code provides that, "All heads of families, who have neither lands, town lots, nor houses subject to exemption as a homestead under the laws of this state, shall have exempt from forced sale on execution the sum of $500 in personal property."

There is nothing in the law, exempting personal property to heads of families, defining the words "Heads of families." The only definition to which our attention has been called is found in section 15 of chapter 36 of the Compiled Statutes, being the chapter providing for homestead exemptions, which provides that the phrase, head of the family, as used in that chapter, includes within its meaning, "The husband, when the claimant is a married person."

As a question of legislative interpretation of the rights of married women, the legislature of 1887 added the proviso to section 1 of chapter 53 of the Compiled Statutes of 1885, as follows: "*Provided*, That all property of a married woman not exempt by law from sale on execution or attachment shall be liable for the payment of all debts contracted for necessaries furnished the family of said married woman after the execution against the husband for such indebtedness has been returned unsatisfied for want of goods and chattels, lands and tenements, whereon to levy and make the same."

This enactment clearly recognizes the exemption of the property of a married woman· from sale on execution or attachment, and provides inferentially that, even under the conditions stated, such exempt property may not be taken for the payment of debts against the husband for necessaries furnished the family of a married woman.   See section 1, chapter 53 of Compiled Statutes of 1887.

As we have said, we think the record sufficiently shows that the indebtedness of the garnishee was to the head of the family for board furnished, and even though it may have been furnished by the labor of plaintiff in error, the family was entitled to the use of the money in question, and under this interpretation of the provisions of section 521 of the civil code, it was exempt.

The judgment of the district court is reversed, and the judgment of the justice of the peace is re-instated and affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.