UNION NATL. BANK OF OMAHA v. MICHAEL HICKEY.

[FILED MARCH 23, 1892.]

Garnishment: ORDER CONCLUSIVE. In a proceeding of garnish-
ment in aid of execution, under sections 244–249 of the Code,
where the garnishee has been properly served with summons
and appeared and answered, and an order been made by the
court requiring him to pay a certain sum owing by him to the
debtor into court, such order is final and will be conclusive un-
less appealed from.

ERROR to the district court for Douglas county. Tried
below before DOANE, J.

*George E. Pritchett*, for plaintiff in error, cited: *Schlue-
ter v. Raymond*, 7 Neb., 282; *Hollingsworth v. Fitzgerald*,
16 Id., 495; *Wilson v. Burney*, 8 Id., 45; *Clark v. Fox-
worthy*, 14 Id., 242.

*George F. Wittum*, contra, cited: *Schlueter v. Raymond*,
7 Neb., 282; *Wilson v. Burney*, 8 Id., 42; *Hollingsworth
v. Fitzgerald*, 16 Id., 492.

MAXWELL, CH. J.

In October, 1888, the defendant in error instituted pro-
ceedings in aid of execution against George D. Edson.
Summons in garnishment was served on the plaintiff in
error, which appeared and answered, whereupon the court
made an order as follows:

"MICHAEL HICKEY ⎫
           v.        ⎬ Order of Garnishment.
GEORGE D. EDSON. ⎭

"And now, on the 24th day of April, 1888, it appearing
from the answer and amended answer of the Union Na-
tional Bank, by J. W. Rodefer, its cashier, garnishee in
the above entitled cause, that said bank had on the 15th

day of March, 1888, personal property, to-wit, money in
the sum of $228, and on the 17th day of April, 1888, be-
ing the date of said bank's first answer herein, the sum of
$325 of the defendant's, George D. Edson, attorney, sub-
ject to attachment in its possession and under its control as
a credit to George D. Edson, attorney: It is therefore or-
dered by this court that said bank forthwith pay into the
clerk of this court, Frank E. Moores, out of the money
under its control or in its possession at any time since the
15th day of March, 1888, belonging to or credited on its
bank account books of George D. Edson, attorney, the sum
of $325, and that said bank be thereupon discharged as
garnishee herein, the said money to remain in the hands of
the clerk, subject to the future order of the court.

> "GEORGE W. DOANE,
> "*Judge of District Court.*"

The order being complied with, an action was brought
thereon and judgment for the sum of $370.50 rendered
against the plaintiff in error and in favor of the defendant
in error.    The question presented is the conclusiveness of
an order of garnishment after the judgment.

Sec. 244 of the Code provides: "In all cases where an
execution issued upon any judgment of a court of record, or
of a justice of the peace, shall be returned by the officer,
in whose hands the same was placed for service, unsatisfied
for want of sufficient property whereof to levy and col-
lect the same, and the judgment creditor in such execution,
his agent or attorney, shall file an affidavit in the office of
the clerk of the court, or justice of the peace, from which
said execution issued, that he has good reason to and does
believe that any person or corporation (naming them) have
property of and are indebted to the judgment debtor, the
said clerk or justice of the peace shall issue a summons, as
in other cases, requiring such person or corporation to ap-
pear in court and answer such interrogatories as shall be
propounded to him, it, or them touching the goods, chat-

tels, rights, and credits of the said judgment debtor in his, its, or their possession or control.

"Sec. 245. The summons shall be made returnable, and the said persons or corporations shall be required to appear, as in ordinary cases of summons, and thereafter like proceedings shall be had therein, and said garnishees shall be held liable in all respects as in cases of garnishees before judgment.

"Sec. 246. The summons shall be served as a summons in an original action is served; the said persons or corporations so summoned shall be liable to the judgment creditor in said execution for all property, moneys, and credits in his, its, or their hands, or due from him, it, or them to the judgment debtor, in said execution, at the time of and which may come into his, its, or their hands or control after the service of said summons.

"Sec. 247. No proceedings against such garnishee or garnishees shall be quashed, or such garnishee or garnishees discharged, by reason of any informality or irregularity merely of the affidavit or summons provided for in this article.

"Sec. 248. In cases where the garnishee in answering such interrogatories shall disclose that he has property in his possession or under his control belonging to the defendant or defendants in execution, the court shall order the same to be taken and sold by the officers upon execution, as in other cases.

"Sec. 249. In cases where the garnishee in answering such interrogatories shall disclose that he is indebted to the defendant in execution, the court shall order the garnishee to pay over the amount found to be due from the said garnishee to the defendant in execution, which amount shall be collected by execution, as in other cases, as near as may be, and such amount when paid or collected shall be credited on the original judgment, and the garnishee shall be credited for the amount so paid or collected."

Under these provisions it has been uniformly held by this court that the order was conclusive unless appealed from. (*Hollingsworth v. Fitzgerald,* 16 Neb., 492; *Schlueter v. Raymond Bros.,* 7 Id., 281; *Wilson v. Burney,* 8 Id., 39.) In the case last cited the judgment was in the form of an order, as in the case at bar, and an action was brought thereon. Under the statute the court may render judgment against the garnishee, and execution may be issued thereon; but an order to pay the money into court in such case is a final order, which will be conclusive unless reversed on appeal. If a garnishee is in doubt as to the rights of the parties in a case like that under consideration he should state all the facts in his answer, and if he claims that the order is wrongfully rendered, have the same reviewed on error. In ordinary proceedings in garnishment the garnishee is liable to suit only after a judgment has been recovered against the debtor; but in proceedings in aid of execution the debt has been reduced to judgment and therefore the statute authorizes direct proceedings against the garnishee. This case comes directly within that of *Wilson v. Burney,* and is affirmed. The second point in the syllabus in the latter case will be amended to show that the garnishment was in aid of execution. The judgment is

AFFIRMED.

THE other judges concur.