## J. E. COBBEY, SR., v. J. B. WRIGHT.

[FILED JUNE 11, 1892.]

1. **Judgments:** INJUNCTION AGAINST: PLEADING. Where, in an action to enjoin a judgment which caused an apparent lien upon real estate, the defendant appeared specially and objected to the jurisdiction of the court, and his objections being overruled, he made no further appearance. *Held*, That all the facts well pleaded in the petition were for the purpose of the action admitted.

2. ——: ——: GARNISHMENT. In a petition to enjoin a judgment rendered in a proceeding in garnishment after judgment, it was alleged that no summons or notice had been served on the garnishee, and that no examination of such garnishee had been had, but that in fraud of his rights the justice found that there was due from him to one H., the debtor, the sum of $100, and rendered judgment accordingly, when, in fact, he was not indebted to H. *Held*, That the plaintiff was entitled to an injunction.

3. ——— : ——— : EFFECT. In such case the court will declare the judgment void, and not merely set aside the apparent lien of the judgment upon certain real estate.

ERROR to the district court for Lancaster county. Tried below before CHAPMAN, J.

*J. E. Cobbey*, for plaintiff in error, cited: *Cobbey v. Wright*, 29 Neb., 274; *Hastings v. Caldwell*, 16 Id., 73; *Cobbey v. Wright*, 23 Id., 256.

*Abbott, Selleck & Lane*, contra, cited: *Cobbey v. Wright*, 23 Neb., 250; Id., 29 Id., 277; *Pearson v. Mfg. Co.*, 14 Id., 211; *Buchanan v. Griggs*, 20 Id., 165; *Schribar v. Platt*, 19 Id., 625; *Fisher v. Fisher*, 12 Id., 416; *Stubing v. Stubing*, 5 N. Y. Sup., 767; *N. & C. R. Co. v. Storer*, 22 Neb., 93; *Swift v. Dewey*, 20 Id., 111; *Earle v. Earle*, 27 Id., 280; Rapalje & Lawrence, Law Dic., 220.

MAXWELL, CH. J.

In September, 1890, the plaintiff filed a petition against the defendant in the district court of Lancaster county, as follows:

" For cause of action herein says that plaintiff is the owner in fee-simple in possession of lots 13, 14, 15, block 35, in the city of Lincoln, Lancaster county, Nebraska; is the owner in possession of lot 12, block 241, in said city and county, and is the owner and in possession of lots 10, 11, 12, in block 1, in J. O. Young's East Lincoln, Lancaster county, Nebraska.

"Second—Further, that the said defendant Joseph E. Cobbey, Sr., has, or claims to have, a judgment against one Edward Hutchinson, rendered in the justice court of Gage county on the 31st day of July, 1886, for the sum of $45 and costs of suit therein taxed; that afterwards, on or about the 10th of August, 1886, the said defendant, plaintiff in said action against said Hutchinson, filed in said justice

court an affidavit in garnishment against the plaintiff and caused the summons in garnishment to issue against the plaintiff out of said justice court of Gage county, Nebraska, in said action; that afterwards, and on or about the 21st day of August, 1886, the justice before whom said cause was pending, unlawfully, and without any notice to this plaintiff and without his knowledge or consent, and without any examination whatever of this plaintiff touching the matter of garnishment, made, and in fraud of the rights of this plaintiff found that this plaintiff was indebted to the said Edward Hutchinson in the sum of $100, and thereon made the following order :

" 'It is further ordered, considered, and adjudged by the court, that said John B. Wright, or his agent, pay to said plaintiff out of the money now in or coming into his hands, allowing to the said Hutchinson $53 debt and costs forthwith, and plaintiff Cobbey have judgment against the said John B. Wright for $53 and costs and execution therefor.                    J. E. FARRIER,

" '*Justice of the Peace.*'

" Third—Plaintiff alleges that no summons, nor no true garnishment, was ever served on him in any manner whatever, nor did he ever, in person or by counsel, appear in any proceeding in said case or in the garnishment proceeding therein, or know anything about said order or judgment or pretended judgment until about the 29th day of October 1886; that he does not owe said Hutchinson or defendant any sum of money whatever, nor did he ever owe either of them any sum whatever, nor did he ever own or hold any contract that he would become indebted to said Hutchinson or liable to said Hutchinson in any sum whatever, nor did he have any property in his possession or under his control belonging to said Hutchinson.

" Fourth—Plaintiff further says that afterwards, and on or about the —— day of October, 1886, the said defendant required a certified transcript of said proceeding and

order or judgment to be filed and spread upon the records of the district court in and for the district court of Gage county, Nebraska, and on the 15th day of October, A. D. 1886, caused a further transcript thereof, certified by the clerk of the district court of Gage county, Nebraska, to be filed in the clerk's office of Lancaster county and spread upon the records thereof; that the said defendant threatened and is about to enforce the collection of said order or judgment against this plaintiff, and unless prevented by a restraining order of this court execution will be issued thereon against this plaintiff and levied upon his property, hereinbefore described and set out, for the satisfaction of said pretended judgment, and thereby cause great and irreparable injury to this plaintiff, and plaintiff alleges that he has no adequate remedy at law.

"Fifth—Plaintiff alleges that the transcript of said judgment so as aforesaid filed in the district court of Lancaster county, Nebraska, is a lien upon the said property, to-wit, lots 13, 14, 15, block 85, said lot 12, block 241, and said lots 10, 11, 12, in block 1, in J. O. Young's East Lincoln, all in Lincoln, Lancaster county, Nebraska, and casts a cloud on the title thereof, impedes and hinders the transfer of sale of said real estate of this plaintiff, and deteriorates the value thereof.

"Sixth—That defendant neglects and refuses to relieve the said cloud upon the title of this plaintiff's said real estate, and refuses and neglects to cancel said alleged and pretended judgment so as aforesaid filed in the district court of Lancaster county, Nebraska, against the property of this plaintiff, and threatens and is about to levy an execution thereon to satisfy the said judgment so as aforesaid illegally and wrongfully obtained against this plaintiff in the said justice court of Gage county, Nebraska.

"Seventh—That the action heretofore commenced by him in the court against Joseph E. Cobbey, Sr., defendant herein, in which plaintiff recovered judgment against said

defendant on the 29th day of June, 1888, has lately, to-wit, on the 1st day of April, A. D. 1890, been reversed by the supreme court of the state of Nebraska and the said action dismissed for the reason that the petition of this plaintiff in said action filed did not contain a description of the real estate of this plaintiff in the county of Lancaster and state of Nebraska, and did not contain a complaint that the judgment in question was a lien upon any special real estate of this plaintiff, and therefore holding that this court in said action had no jurisdiction and that the decree for the plaintiff was a nullity. And the plaintiff now comes and shows to the court, as heretofore alleged, that he is the owner and in possession of the real estate hereinbefore described, and that the judgment in question, hereinbefore alleged as filed in this court by said defendant Cobbey as a transcript from the courts of Gage county, Nebraska, is a cloud upon the title of plaintiff's said real estate and is a lien in this county upon said real estate of this plaintiff, but illegally and wrongfully so, and in equity ought to be canceled of record."

The prayer is for an injunction to have said judgment set aside and the apparent liens on the plaintiff's real estate declared of no effect.

To this petition the defendant made a special appearance and objected to the jurisdiction of the court. The defendant's objections were overruled, and as he made no further defense, an injunction was granted as prayed. The allegations of the petition are, therefore, for the purpose of the action, to be taken as true. It is true, therefore, that no summons or notice in garnishment was ever served on the plaintiff, and that he did not owe Hutchinson anything, and that said judgment was rendered without authority. These facts being admitted, the judgment is void and the decree of the court below is right.

The defendant contends that the plaintiff's relief should be restricted to the lands in Lancaster county and should

not be general.   We think differently, however.   If the
judgment is void, it is the duty of the court to so declare,
and render the plaintiff all the relief to which he is enti-
tled in this action.   The injunction, therefore, will apply
to the entire judgment.   The judgment of the court below
is right and it is

AFFIRMED.

THE other judges concur.