CHARLES J. JOHNSON, APPELLEE, V. MARGARET E. SAMUEL-SON, APPELLANT.

FILED JULY 17, 1908. No. 15,254.

1. **Judgment: LIEN: ORDER ON GARNISHEE.** An unconditional order, made under the provisions of section 249 of the code, that a garnishee pay money into court, is a judgment within the meaning of the statutes making judgments, when docketed in the office of the clerk of the district court, a lien upon the lands of the debtor situated within the county.

2. **Quieting Title: VENUE.** The venue of an action to quiet title to real estate as against the apparent lien of a void judgment is governed by the provisions of section 51 of the code, and must be laid in the county in which such real estate is situated.

3. **Justice of the Peace: GARNISHMENT: JURISDICTION.** Where a garnishee, summoned by a justice of the peace under the provisions of section 249 of the code, makes a disclosure denying any indebtedness or liability to the judgment debtor, and the justice, without announcing any decision or any adjournment of the hearing, informs the garnishee that he is excused, said justice thereby loses jurisdiction of the case; and an order afterwards entered requiring the garnishee to pay the amount of the judgment into court is constructively fraudulent.

APPEAL from the district court for York county: BENJAMIN F. GOOD, JUDGE. *Affirmed.*

*John Tongue* and *France & France,* for appellant.

*Power & Meeker, contra.*

CALKINS, C.

This was an action to quiet title as against the alleged lien of a judgment or order in garnishment. On the 4th

day of April, 1900, the defendant, Mrs. Samuelson, in an
action before a justice of the peace, recovered a judgment
against one Anderson. Execution being issued on this
judgment and returned unsatisfied, the plaintiff, Johnson,
was summoned as garnishee, and such proceedings had
that the justice entered an order requiring the plaintiff to
pay the amount of such judgment into court. Afterwards
a transcript of the proceedings before the justice was
filed in the office of the clerk of the district court for York
county. The plaintiff owning land in said county, claim-
ing that such judgment constituted a cloud upon his title,
brought this action upon the ground that the judgment
was fraudulently obtained, and that the justice was with-
out jurisdiction to make the order. Neither of the de-
fendants resided or were summoned in York county; but
summons was issued to the counties where they respect-
ively resided, and was there served upon them. There
was a judgment for the plaintiff below, and the defendant
appeals.

1. The defendant contends that the order made by the
justice requiring the plaintiff to pay the amount of the
judgment against Anderson into court was not a judg-
ment within the meaning of the statute (code, secs. 477,
561, 562) making judgments a lien upon the real estate of
the judgment debtor. The provisions of the code regulating
proceedings against garnishees after judgment and execu-
tion returned unsatisfied provide that, in all cases where
the garnishee in answering the interrogatories propounded
to him shall disclose that he is indebted to the defendant
in execution, the court shall order the garnishee to pay
over the amount found to be due from the said garnishee
to the defendant in execution, which amount shall be col-
lected by execution as in other cases, as near as may be.
Code, sec. 249. No proceeding other or further than the
entry of the order is provided for or indicated in the stat-
ute, and it is plainly the order to pay over the amount
found due that is to be enforced by execution. Section
428 of the code provides that "a judgment is the final de-

termination of the rights of the parties in an action."
Orders made in pursuance of section 249 are final
(*Schlueter v. Raymond Bros. & Co.,* 7 Neb. 281), and may
not be collaterally attacked. *Wilson v. Burney,* 8 Neb.
39; *Union Nat. Bank v. Hickey,* 34 Neb. 300.

The defendant relies upon the case of *Clark v. Fox-
worthy,* 14 Neb. 241, to sustain her position that such
order does not amount to a judgment; but we do not think
that case supports her contention. It is there held that an
order for the payment of money under section 249 of the
code can be rightly made and enforced by execution only
upon an unqualified admission by the garnishee of a
present indebtedness which the execution debtor would
be entitled to but for the garnishment. This is a correct
statement of the law which should govern the courts in
acting upon the disclosure of a garnishee; but it expressly
recognizes the power of a court in a proper case to make
an order which can be enforced by execution, and has
therefore the quality of a judgment. *Hollingsworth v.
Fitzgerald,* 16 Neb. 492; *Burlington & M. R. R. Co. v. Chi-
cago Lumber Co.,* 18 Neb. 303. And in *Cobbey v. Wright,*
34 Neb. 771, it was held that such a judgment, void for
facts extrinsic the record, would be set aside and the ap-
parent lien declared of no effect. We are therefore of the
opinion that such an order, when made by the district
court or docketed in the office of the clerk of the district
court upon a transcript from a justice of the peace, creates
an apparent lien upon the real estate of the garnishee in
the county in which the same is docketed.

2. Under the provisions of our statute (Comp. St. 1907,
ch. 73, sec. 57), "an action may be brought and prosecuted
to final decree, judgment, or order, by any person or per-
sons, whether in actual possession or not, claiming title
to real estate, against any person or persons who claim
an adverse estate or interest therein, for the purpose of
determining such estate or interest, and quieting the title
to said real estate." That an apparent judgment lien is
an interest within the meaning of the word as used in

such statute has been recognized in *Cobbey v. Wright,* *supra; Corey v. Schuster,* 44 Neb. 269; *Smith v. Neufeld,* 57 Neb. 660. The question was fully and ably discussed by Sanborn, C. J., in *Ormsby v. Ottman,* 85 Fed. 492; and the conclusion was reached that the word "interest" is used in the statute in its ordinary signification of including any right, title or estate in or lien upon real estate. We are satisfied that the statute should be so construed. Section 51 of the code provides that actions to recover for any trespass upon or any injury to real estate, and for the recovery of real property or of an estate or interest therein, shall be brought only in the county where such real estate is situated. We think the language of the statute broad enough to include an action to quiet title. Recovery is the obtaining of a thing by the judgment of a court as the result of an action brought for the purpose. *Keiny v. Ingraham,* 66 Barb. (N. Y.) 250. What a party recovers in an action *quia timet* is the integrity of his title. Such actions may therefore be properly considered as brought for the recovery of an estate or interest in real property. This question was before this court in *Cobbey v. Wright, supra.* This case, first reported in 23 Neb. 250 was a personal action brought in Lancaster county against Cobbey, the judgment creditor, and the sheriff of Lancaster county, to enjoin the enforcement of a judgment rendered in Gage county against Wright as garnishee, a transcript of which judgment had been filed and such judgment docketed in Lancaster county. Service of summons was had upon the sheriff in Lancaster county, and upon Cobbey in Gage county, and the action was then voluntarily dismissed as to the sheriff. For the reason that the action was personal, no real estate being mentioned in the petition, this court reversed the judgment of the district court, which had granted an injunction, and remanded the case, with instructions to permit the plaintiff to amend his petition. This the plaintiff attempted to do, but failed to describe the real estate upon which it was claimed the judgment appeared to be a lien, and for that

reason the judgment was again reversed and the action dismissed. *Cobbey v. Wright*, 29 Neb. 274. The plaintiff then brought an action in Lancaster county, describing land owned by him situate therein, upon which such judgment appeared to be a lien. To this action the defendant Cobbey made a special appearance objecting to the jurisdiction of the court. This special appearance being overruled, he made no further defense. A judgment being rendered against him, the same was affirmed by this court. *Cobbey v. Wright*, 34 Neb. 771. The opinion fails to show where Cobbey was summoned or the grounds of his special appearance; but, taking the history of the litigation as it may be gathered from the three opinions referred to, the inference is plain that Cobbey was not served in Lancaster county, and that that fact was probably the ground of his special appearance. But whether this case is to be determined as one of first impression, or is settled by the decision of *Cobbey v. Wright,* the result must be the same. It is always competent to consider the consequences of a statute in order to arrive at the intention of its framers. To give this statute any other construction would leave the owner of real estate whose title is clouded by apparent liens without remedy in those cases in which the person claiming to own the apparent lien is a nonresident, and, if the language of the statute were less plain than it is, we should still be constrained to hold that the action to quiet title is one *in rem,* which should be brought in the county in which the land is situated.

3. This brings us to the consideration of the objections which are urged against the validity of the judgment. It appears that the garnishee was first summoned in 1901, and answered concerning his indebtedness, after which disclosure he was told that that was all, and that he could go. No order was entered against him upon this proceeding. He was again summoned in May, 1904, and examined concerning his supposed indebtedness to the judgment debtor, especially upon two notes which he had given to the judgment debtor, or to the judgment debtor's sister-

in-law. He denied any indebtedness, and testified that he had paid the notes, producing them canceled to corroborate his statement in that regard. He was then told that he could go, "unless something more came up." The justice himself testified that he told the plaintiff "that he could go now—be excused; and we would call him if any further examination was wanted." It is agreed by all parties that the plaintiff emphatically denied any indebtedness to the judgment debtor, and there does not appear to have been the slightest ground for the rendition of any order against him. Nothing was said to him to indicate that the making of such order was in contemplation. It was just about noon when the garnishee was excused, and the justice testified that he transacted other business that afternoon, and about 4 or 5 o'clock in the evening he decided to, and did, enter the order in question. This was on the 24th day of May, 1904, and the plaintiff Johnson testified that he had no knowledge of the entering of such order until about election time, November, 1905. The justice undertakes to deny this, but his testimony is not convincing, and we are satisfied with the finding of the district court that the plaintiff had no knowledge of the entry of this order until about November, 1905, when it was too late for him to prosecute any direct proceeding to set the same aside. It was shown that the plaintiff was the owner of a large amount of unincumbered real estate, and in possession of ample personal property, yet no effort appears to have been made to enforce this order until after the plaintiff had discovered the existence thereof in November, 1905, and complained to the justice about the making thereof. We are satisfied that the plaintiff understood, and had a right to understand, when he was excused by the justice from further attendance unless he should be notified to again appear, that the proceedings were ended, and that by the justice's failure to either announce his decision or an adjournment of the hearing he lost his jurisdiction. The making of the order afterwards was a constructive fraud, which avoids the judgment. It

is not necessary that there should be actual fraud, *i. e.,* that the justice and the attorney for the judgment creditor should have intended to deceive the plaintiff and to keep him in ignorance of the fact of the rendition of such order until it was too late for him to prosecute error or appeal therefrom. It is enough that by their conduct he was lulled into a feeling of ease and safety, and led to understand that the proceeding was ended. *Klabunde v. Byron Reed Co.,* 69 Neb. 126; *Arnout v. Chadwick,* 74 Neb. 620.

We therefore recommend that the judgment of the district court be affirmed.

FAWCETT and ROOT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.