In the Matter of the Estate of MARGARETE SCHREIER, Also Known as MARGARET SCHREIER, Deceased.

Surrogate's Court, Kings County, December 12, 1934.

*Weisbrod & Froeb*, for Stephen A. Reilly and another.

*Adams, Cox & Giles*, for Elizabeth Ziegler and others.

*Stuart M. Miller*, for Paul H. Wolf.

WINGATE, S. In the codicil to her will the testatrix made a gift in the following language: *"First.* I give, devise and bequeath unto Paul H. Wolf of 753–58th Street, Brooklyn, New York, all

my right, title and interest of any kind whatsoever in and to the real property together with improvement thereon situated in the Borough of Brooklyn, County of Kings, City and State of New York, and known and designated as number 753–58th Street, Brooklyn, New York."

In 1922 the testatrix acquired a mortgage upon the property in question, and about the same time moved into the house there located, where she resided with the beneficiary named and his family until the time of her death. About three years later, in 1925, the decedent and the beneficiary each purchased an undivided one-half interest in the property. The codicil containing the gift was executed in 1933.

At the time of her death the testatrix owned her undivided half interest in the property and also the mortgage on the whole. The question for determination is whether the beneficiary is, under the language of the will, entitled to both the mortgage and the half interest in the realty, or only to the latter.

It is unquestionable that a mortgage in this State is personal property. It is " a mere security, an incumbrance upon land." (*Power* v. *Lester*, 23 N. Y. 527, 531; *Trimm* v. *Marsh*, 54 id. 599, 604.) The "mortgagee has a mere chose in action, secured by a lien upon the land * * * He would have the same right in case of a pledge." (*Trimm* v. *Marsh*, *supra*, 605; *Packer* v. *Rochester & Syracuse R. R. Co.*, 17 N. Y. 283, 296.) This, however, is far from decisive of the question presently at issue, which is whether or not the mortgage is properly to be included in the description of " all my * * * interest of any kind whatsoever in * * * the real property " in question.

It would surely be an act of great temerity to assert that one who possessed a lien on a particular property or was a pledgee thereof, possessed no " interest of any kind whatsoever in " the property so incumbered. Indeed, it has been expressly held that " a mortgage is a conveyance of an interest in real property " (*Sleeth* v. *Sampson*, 237 N. Y. 69, 72), and the reports abound in determinations to similar effect. (See *Due* v. *Bankhardt*, 151 Ky. 624; 152 S. W. 786, 788; *Johnson* v. *Samuelson*, 82 Neb. 201; 117 N. W. 470, 471; *Caddo Holding Corp.* v. *Morrow*, [Tex. Civ. App.] 41 S. W. [2d] 92, 94; *Ormsby* v. *Ottman*, 85 Fed. 492, 497.) In the last cited case it is said that " the word ' interest ' is the broadest term applicable to claims in or upon real estate, in its ordinary signification among the men of all classes. It is broad enough to include any right, title, or estate in, or lien upon, real estate. One who holds a mortgage upon a piece of land for half its value is commonly and truthfully said to be interested * * * in it."

If such be the fact, of which there can be no serious question, it must follow that a conveyance by deed or will of all the person's " interest of any kind whatsoever in " the property which is subjected to the lien must amount to a transfer of the transferror's rights under a mortgage by which such interest is created.

The court accordingly determines that it was testatrix's intention to include the mortgage in question in the gift to Paul H. Wolf.

The attorney for the beneficiary has requested that the court make an allowance to him for his services upon this construction. In view of the insignificant size of the estate and the small demand necessarily made upon the time of counsel in this proceeding, an allowance of fifty dollars will be awarded him.

Enter decree on notice accordingly.