In re Estate of Elizabeth K. Evans, deceased.
Alvina Avery et al., appellants, v. Robert Leroy Evans,
et al., appellees.
227 N. W. 2d 603

Filed April 3, 1975. No. 39694.

John S. Mingus of Mingus & Mingus, for appellants.

Reddish & Curtiss and A. James Moravek, for appellees.

Heard before White, C. J., Boslaugh, Clinton, and Brodkey, JJ., and Colwell, District Judge.

Clinton, J.

The question in this case is whether section 30-228.03, R. R. S. 1943, usually referred to as the antilapse statute, applies to the last will of Elizabeth K. Evans, so that certain grandchildren of the testatrix take the share of

Zena Clyde, a daughter of the testatrix who predeceased her, or whether the entire devise and bequest passes wholly to the children of Elizabeth K. Evans who survived her.

The will provision involved is as follows: "Second: I do hereby give, will, devise and bequeath unto my beloved sons and daughter, Zena Clyde, daughter, of Moorcraft, Wyoming, Tyndall Evans, son of West Concord, Minnesota, Emmerson Evans, son, of Whitman, Nebraska, and Darwin Evans, son, of Johnstown, Nebraska, share and share alike, all of the rest, residue and remainder of my estate and property, real, personal or mixed, of which I may die seized or possessed, . . . . Should any of my said children die before my decease I hereby give, will, devise and bequeath the share of said deceased child to the survivor or survivors of my said children, share and share alike."

The testatrix executed her will on October 29, 1953. At that time her heirs-at-law would have been the four children named in the will and Nedra Higgins, a granddaughter, the child of Alta Dykes, a daughter of the testatrix who had died in 1946 before the will was executed. Zena Clyde died in March 1965. The testatrix died August 6, 1972. Zena Clyde was survived by five children. These children, the appellants here, claim the share of Zena Clyde.

We affirm the judgment of the District Court which affirmed the judgment of the county court which had found that the antilapse statute did not apply.

Section 30-228.03, R. R. S. 1943, provides: "When a devise or any legacy shall be made to any child or other relation of the testator, either by name or by designation of such relationship singly or as one of a class, and the devisee or legatee shall die before the testator, having issue who shall survive the testator, such issue shall take the estate so given by the will in the same manner as the devisee or legatee would have done if he had

survived the testator, unless a different disposition should be made or directed by the will;. . . . "

The precise question to be answered is, does the previously mentioned provision of the will, "Should any of my said children die before my decease I hereby give, will, devise and bequeath the share of said deceased child to the survivor or survivors of my said children share and share alike," prevent the application of section 30-228.03, R. R. S. 1943, because those words constitute a different disposition or direction within the meaning of the statutory language, "unless a different disposition should be made or directed by the will."

Neither party has cited any opinion of this court in point and we have found none. The appellants rely principally upon an opinion of the Supreme Court of Illinois in the case of Schneller v. Schneller, 356 Ill. 89, 190 N. E. 121, 92 A. L. R. 838. In that case the testator devised property to his three children by name, followed by the provision, " 'or to the survivors or survivor of them, to be distributed equally share and share alike, for their sole and exclusive property forever.' " One of the named children predeceased the testator and that child's issue claimed the parent's share by virtue of the provisions of the Illinois statute which provided that the issue should take in such a case where "no provision shall be made for such contingency" by the will. The contingency referred to by the statute was the death of the child before the death of the testator. The Illinois court in that case held that the quoted language of the will was not a sufficiently clear indication of intent to provide for the contingency and that therefore the statute applied. The evidence in that case was that at the time the will was executed the three children named in the will were the testator's only children and that they were all unmarried. The will was executed in 1919. The testator died in 1931. In the interim one of his children had died, leaving children. The court said: "There is nothing beyond the bare use of the

technical words of survivorship to indicate that he had in mind the disinheritance of one of his grandchildren who had lost its parent before the death of the testator. It cannot be said that he intended to cut off Christian's children because Christian had no children when the will was made. Such an intention could be discovered only from a finding that he intended to cut off any grandchildren whose parent or parents predeceased him." We do not think the holding of the Illinois court is applicable to the facts before us and the language of the Evans will.

In this case the evidence is that when the testatrix executed her will in 1953 her living children were the four named in the will. All had children then living. It shows, as we have already stated, that the testatrix was the mother of another child, Alta Dykes, who had died in 1946 and that this child was survived by a daughter, Nedra Higgins, who was living at the time the testatrix made her will. The language of the will is quite specific: "Should any of my said children die before my decease I hereby give, will, devise and bequeath the share of said deceased child to the survivor or survivors of my said children, share and share alike." The literal language of this provision contemplates specifically the possible death of one or more of her named children and that in such contingency the share of any deceased child should pass to the survivor or survivors of her children. When she made her will, her granddaughter, Nedra Higgins, was living, yet she made no provision for her. This fact is added evidence of the testatrix' intention that the provision she made was not the result of mere oversight and a failure to consider the contingency.

We hold that under the facts of this case and the clear and literal language of the will, the testatrix has made and directed by her will a different disposition than that provided for by section 30-228.03, R. R. S.

1943, and therefore the provisions of that statute do not apply.

Most courts which have had similar questions before them have not laid down any flat rules applicable as a matter of law to any given testamentary language. They have considered each case on its own merits, taking into consideration the factual situation, the language of the will, and the varying language of the different antilapse statutes. This we believe is wise policy. Even in Illinois that court in Vollmer v. McGowan, 409 Ill. 306, 99 N. E. 2d 337, arrived at a result different from that in Schneller v. Schneller, *supra*, in a case where the language was not far different from that in the latter case, but where the factual situation was different.

In an annotation at 54 A. L. R. 3d 301, are collated the cases which consider the question of the effect of the antilapse statute where a devise or bequest is made to several designated individuals comprising a group or class, with a gift over to the "survivors." Most of the cases there cited reach a result consistent with ours under language and evidence similar to that before us in this case. On the broad general question of what language or circumstances are or are not indicative of an intention on the part of the testator to defeat the operation of the antilapse statute, see 63 A. L. R. 2d 1172 and 92 A. L. R. 846.

AFFIRMED.