IRENE PAGE ET AL., APPELLANTS, V. LLOYD BUCHFINCK, ADMINISTRATOR WITH THE WILL ANNEXED OF THE ESTATE OF ELIZABETH K. EVANS, DECEASED, ET AL., APPELLEES.

242 N. W. 2d 610

Filed May 12, 1976. No. 40315.

John S. Mingus of Mingus & Mingus, for appellants.

C. Kenneth Spady and William P. Mueller of McGinley, Lane, Mueller, Shanahan, McQuillan & Gale, H. Alan Curtiss, William J. Hotz, Jr., Andrew J. McMullen, and Byron J. Casey, for appellees.

Heard before SPENCER, McCOWN, and BRODKEY, JJ., and MURPHY and COADY, District Judges.

MURPHY, District Judge.

Alven Evans died in 1940, survived by his widow, Elizabeth, and five children, Emerson, Darwin, Alta, Tyndell, and Zena. The widow, Elizabeth, died August 6, 1972. Plaintiffs-appellants are the children of Zena, who predeceased her mother. Named defendants-appellees are the administrator c.t.a. of the estate of Elizabeth, surviving children of Alven and Elizabeth, children of deceased children of Alven and Elizabeth, and their respective spouses. Also joined as defendants are all persons having or claiming any interest in the estates of Alven, Elizabeth, their deceased children, or the real estate, as well as the real estate itself. Alven owned both real and personal property in Grant County, Nebraska, where his will was admitted to probate and the administration of his estate was concluded many years ago. The estate of Elizabeth is also being administered in Grant County, Nebraska, where she resided at the time of her death. She died owning both real and personal property, the real estate being allegedly all located in Brown County, Nebraska. The location of the personal property is not disclosed in the pleadings, but inferentially, at least, some portion of it was also in Brown County.

The petition, filed in the District Court for Brown County on April 17, 1973, sets forth two causes of action, both of which the briefs indicate follow a trust theory

which apparently is that Alven left real and personal property in Grant County to Elizabeth for life for her own use and benefit with the remainder to their children and the children of any of their children who should predecease Elizabeth, and that Elizabeth used the profits of her life estate to procure the real and personal property which is the subject of the litigation including the Brown County real estate. The first cause of action seeks to impress a trust upon all personal property inventoried in the estate of Elizabeth. The second cause of action seeks to quiet title in one-fifth of the Brown County real estate in plaintiffs, and to partition that real estate. Both causes of action seek, additionally, a construction of portions of the will of Alven, and include allegations concerning Elizabeth's will which relate to the claims of some of the named defendants.

Some of the named defendants filed motions seeking a dismissal of plaintiffs' petition, claiming that the county court of Grant County has exclusive original jurisdiction to construe the will of Elizabeth or to construe the will of Alven, and that plaintiffs are not real parties in interest in that they have no interest in the real estate described and therefore are not entitled to seek partition thereof. The trial court, on August 9, 1973, found that the case should be dismissed "as the District Court of Brown County, Nebraska, does not have jurisdiction as prayed for in the petition," and dismissed the case. A motion for a new trial was filed, but appears to have been allowed to pend while a somewhat related case, Avery v. Evans, 193 Neb. 437, 227 N. W. 2d 603 (1975), was finally decided. The motion for new trial was overruled July 15, 1975. There is other litigation pending between the parties in Grant County. We take the ruling of the trial court to relate to subject matter rather than parties.

The foregoing description of the background of this appeal is necessarily drawn from the briefs of the parties as well as the transcript and bill of exceptions. In view

of the posture of the case it ought not be taken as conclusive as to any of the facts therein related, particularly since no evidentiary hearing has yet been held.

A myriad of issues are presented in the briefs or suggested by an examination of the transcript and bill of exceptions (which in the case is only a recitation of what transpired at the hearing on the motion for new trial on June 17, 1975, and a ruling thereon made July 15, 1975). It is considered, however, that a discussion of any issues beyond that which follows here would be either premature or inappropriate, or both. The present factually unclear state of this record, and the pendency of other litigation between the parties, persuade this court that it ought not render any advisory opinion or even appear to suggest to the parties what their next step might be. We note, however, the procedure followed in Roberts v. Snow Redfern Memorial Foundation, *post* p. 139, 242 N. W. 2d 612.

As indicated above, a part of the relief sought by plaintiffs is the quieting of title to, and the partition of, real estate in Brown County. At least at this stage it does not appear that any real estate, in Grant County or elsewhere, is the subject matter of any dispute among the parties. That being so, it is clear that the District Court for Brown County was not without jurisdiction, and at least to that limited extent is the only court possessed of jurisdiction. §§ 25-401 and 25-402, R. R. S. 1943; Johnson v. Samuelson, 82 Neb. 201, 117 N. W. 470; Rakow v. Tate, 93 Neb. 198, 140 N. W. 162; Pierce v. Fontenelle, 156 Neb. 235, 55 N. W. 2d 658.

For the reason stated, the order of dismissal by the District Court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.