IN RE ESTATE OF VIOLET B. WILLIAMS, DECEASED. WESLEY
W. ROBERTS ET AL., APPELLEES, V. SNOW REDFERN
MEMORIAL FOUNDATION ET AL., APPELLANTS.

242 N. W. 2d 612

Filed May 12, 1976. No. 40318.

Clark G. Nichols, for appellants.

William Grossman of Johnston, Grossman & Johnston, for appellees.

Heard before SPENCER, McCOWN, and BRODKEY, JJ., and MURPHY and COADY, District Judges.

MURPHY, District Judge.

Violet B. Williams died testate August 19, 1972, owning a residence in Scottsbluff, Nebraska, a parcel of farmland in Scotts Bluff County, Nebraska, and various items of personal property. Her will, executed in 1968, consisted of a rather large number of unnumbered paragraphs, pertinent portions of which are, in substance, as follows:

"I direct the First State Bank of Scottsbluff, Nebraska be appointed Executor of the will, and as such Executor it collect and convey into money all of my real estate property and as such Executor it shall have full power and authority to sell and convey all of such property. It is to use its own judgment as to the price to be obtained for said property, the terms upon which it is to be sold, and the time of the sale when the property shall be sold for a fair price.

"I direct that out of the proceeds of the property sale, the First State Bank of Scottsbluff, Nebraska pay all debts and claims against the estate, expense and costs of administration, after said payments are made, the balance money then remaining is to be divided as follows.

"From the northwest corner of (the farm parcel) I give, device, and bequeath to the following.

"One half part to the Snow Redfern Boys Ranch * * *
"One eighth part to the Nebraska Childrens Home
* * *
"One eighth part * * * (to the) Nebraska Wesleyan
University * * *
"One eighth part to my nephew Wesley Roberts * * *
"One eighth part to the Dumb Friends League of
Denver, Colorado * * *
"(Certain jointly held stock not to be considered part
of her estate)
"(Other jointly held stock not to be considered part of
her estate)
"I give, devise and bequeath to my nephew Wesley
Roberts * * * the real property, described as (the resi-
dence)
"(Several paragraphs, each containing specific bequests
of personal property)
"A savings account in the First State Bank of Scotts-
bluff is held for my funeral expenses.
"(Several additional paragraphs containing specific be-
quests of personal property)
"My nephew Wesley W. Roberts and his wife Rosie are
given full charge of all personal property not desig-
nated in this will. They may keep it or divide it as
they deem best."

The parties are agreed that the last-quoted paragraph
constitutes appellees residuary beneficiaries of personal
property in the estate not otherwise disposed of. The
form of the will operates to eliminate whatever assist-
ance in its construction might have been furnished had
the various paragraphs been numbered or otherwise
segregated or interrelated.

At the time of her death the farmland was leased
under a crop-sharing arrangement, the decedent's in-
terest in the growing crops then having an inventoried
value of $4,420. The farm was sold, less the growing
crops, by the executor, the downpayment being received
November 29, 1972. The growing crops were sold sep-

arately but with the tenant's share, before and after that date, with the estate ultimately realizing therefrom the sum of approximately $10,462. Their inheritance tax was computed as though the appellees took that amount as a part of the residuary.

Thereafter, appellees, by motion filed in the county court estate proceedings, presented the issues which are now before this court. From an adverse determination there they appealed to the District Court, where they received a favorable ruling. Appellants, Snow Redfern Memorial Foundation and Nebraska Children's Home Society now bring those issues here. They are: (1) Are the proceeds of the sale of the growing crops to be distributed to the appellants and others as part of the proceeds of the property sale referred to early in the will, or to appellees as residuary beneficiaries of the personal property? (2) Is the devise to Wesley W. Roberts of the residence to be diminished proportionately for debts or claims against the estate and expenses of administration? (3) May attorneys' fees and expenses of appellees be taxed as costs to the executor?

The first issue can be said to be a matter of first impression in Nebraska. Appellants rely principally upon that line of cases commencing with In re Estate of Andersen, 83 Neb. 8, 118 N. W. 1108, wherein we held that, until a crop is severed from the land upon which it is grown, it is such part of the real estate as will pass by a devise of the land unless there is evidence contained in the will of the testator that the devisee of the land should not be entitled to the crop, whether or not the crop has matured at the date of the testator's death. Appellees, on the other hand, rely upon that line of cases commencing with Aldrich v. Bank of Ohiowa, 64 Neb. 276, 89 N. W. 772, wherein we held that growing crops, being generally considered to be personal property, do not pass to the purchaser of the land at a judicial sale. Stalder v. Stalder, 105 Neb. 367, 180 N. W. 566, cited by both parties, is not conclusive.

The parties are agreed that the testamentary requirement that the executor sell real estate worked an equitable conversion so that the real estate is to be treated as personalty. We feel, however, that that equitable device is not of much assistance here, for clearly the gift to appellants (and appellee Wesley W. Roberts) was a sum of money and not an interest in the real estate.

The real question is simply whether or not a testamentary direction to an executor to sell farmland and pay the proceeds, after payment of debts and administration expenses, over to named beneficiaries in shares, ought to be considered to constitute a disposition of crops growing thereon, absent any indication within the will of the testatrix' intent in that regard, where the will contains a residuary clause disposing of personal property.

During her lifetime the testatrix was empowered to sell the real estate herself, reserving, or not, her share of the growing crops as she should determine. Her interest therein constituted personal property. To extend her direction to the executor to sell the farmland to include a direction to sell the crops growing thereon would appear to constitute the imposition of this court's judgment upon the mind of the testatrix, and nothing more. We see no more authority for implying that direction than we see for implying a direction to include pastured animals or farm machinery. Here the testatrix did not devise the farm to appellants; she only bequeathed to them a sum of money, the amount of which depended upon the sale price of the farm. The case is clearly distinguishable from those wherein we have considered pure sales. The effect of appellants' position would be to make the amount of the gift to them depend upon the accident of the date of the testatrix' death or the date of sale determined by the executor.

The will, although the fact is not discussed in the briefs, appears not to have been drawn with the as-

sistance of counsel. Rules of construction useful in cases involving wills clearly drawn by attorneys are not necessarily applicable here. In any event, those rules which result in adding to, or enlarging upon, a will ought to be cautiously applied. The cardinal principle is that a court, in construing a will, should give effect to the true intent of the testator. Rules of construction are to be applied only to the extent they satisfy that principle. The principle may, as here, function to confine, as well as to direct, a court in the construction of a will.

As to the second issue, much of which has been said above is again applicable. Rules of construction which, on their face, appear to apply under the terms of the will, a special bequest takes priority over a general one, later instructions in a will take precedence over earlier ones, etc., are only generally to be followed within the principle that the result reached must justify itself as being consistent with the intent of the testator as it is discoverable. Generally then, it can be said that a specific devise of real estate takes that real estate out of a general testamentary direction for the sale of all the testatrix' real property and for the application or distribution of the proceeds of such sale.

We conclude, therefore, that the District Court was correct in its disposition of the first two issues. Upon the third issue, however, the assessment of attorneys' fees, we are persuaded that error was committed.

Assuredly there are instances, usually where additional property is brought into the estate, where attorneys' fees of a party other than the executor or administrator may properly be taxed as an expense of administration. Beyond that instance, if a party supplies services which ought to have been supplied by the executor or administrator, then, to that extent, costs or expenses incurred by the party may properly be taxed to the estate. Or if an executor or administrator violates the trust or abuses the authority of the office, then such executor or

administrator may become personally liable for result-ant costs or expenses.

Generally, an executor or administrator has an obli-gation to make known to the court controversies which exist between the parties, and to obtain directions of the court as to his responsibilities in that regard, and no more. He is absolved of that obligation where the par-ties themselves present the controversy, as was done here. He may, in appropriate circumstances, adopt a position, although we suspect that such circumstances will not often be present. In this case they do not ap-pear to have been present. What has been said carries with it the obligations, and fees, of the attorney for the executor or administrator.

A review of the record here discloses no cause or basis for the taxation to the executor of attorneys' fees for appellees' counsel and expenses incurred (other than taxable costs) by appellees in both the District Court and county court. No fund was accumulated. Appellees did, themselves, present the controversy to the court, as the executor might well have done. It does not appear, however, that appellees presented the executor with a demand, or even a suggestion, that it take the initiative. Although it may well be argued in this case that the executor, at times, abused its authority in adopting a position, it does not appear that that conduct caused, or contributed to, the attorneys' fees and expenses incurred by appellees. With the appellants taking an active and adversary position, appellees' fees and expenses are no greater than they would have been had the executor done nothing. An executor or administrator does not have an obligation to adopt and pursue, at his risk or at that of the estate, that position which may ultimately prevail in a situation reasonably subject to controversy.

The judgment of the District Court is reversed insofar as it taxes expenses and attorneys' fees incurred by ap-pellees, other than regularly taxable court costs, to the executor. In all other respects it is affirmed. The cause

is remanded to the District Court with instructions to remand it to the county court for further proceedings in accordance herewith.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.