In re the ESTATE OF Bess Newby MURRAY, Deceased.

John L. BLESS, executor, Appellant,

v.

Betty G. BREEN, Respondent.

No. 35395.

Missouri Court of Appeals,
Western District.

Dec. 11, 1984.

James D. Boggs, Robert H. Shaw, Witt, Boggs & Shaw, Platte City, for appellant.

James L. Burgess, Berry F. Laws III, Johnson, Lucas, Bush, Snapp & Burgess, Kansas City, for respondent.

Before LOWENSTEIN, P.J., and SOMERVILLE and NUGENT, JJ.

LOWENSTEIN, Judge.

The respondent, Betty Breen, is an heir of a one-seventh interest in the appellant Murray estate. In an earlier case, *Breen v. Miller*, 627 S.W.2d 340 (Mo.App.1982), Breen successfully removed the personal representative of the estate. Breen then filed for her attorney's fees and expenses to be reimbursed from the estate and the trial court awarded her $16,690.79 ($15,000.00 attorney fees, $1,690.79 expenses). The successor personal representative of the estate took this appeal.

■ The one point on appeal contends that the trial court (the Probate Division Circuit Court Platte County) did not have jurisdiction to award attorney's fees to a residuary beneficiary who successfully removed the former personal representative. The argument totally ignores the new judicial article, Article V of the Missouri Constitution which went into effect January 2, 1979. Article V § 16 which established probate courts, was repealed and replaced with Article V § 27.3 and .4(a). The new section eliminates separate probate judges and grants associate circuit judges the power to exercise probate jurisdiction, and "in connection therewith, [they] possess *general equitable powers.*" It has long been recognized that "circuit courts are invested with general jurisdiction of suits in equity, and in a proper case are invested with all the powers inherent in an English Court of Chancery." *Bormann v. City of Richmond Heights*, 213 S.W.2d 249, 252 (Mo.App.1948).

While it is true that no Missouri appellate court has approved an award of this kind, all the cases cited by the appellant predate the constitutional change. The appellant admits that the general rule for attorney fees is that they are recoverable only when authorized by statute or contract, when a *court of equity* finds it necessary to award them in order to balance benefits, or when they are incurred because of involvement in collateral litigation. *Cimasi v. City of Fenton*, 659 S.W.2d 532, 537 (Mo.App.1983); *Forsythe v. Starnes*, 554 S.W.2d 100, 111 (Mo.App.1977). As summarized in Borron, Jurisdiction and Practice in the Probate Division under the Court Reform Act, 36 Journal of the Missouri Bar, 13.16 (1980): "Since January 2, 1979, the probate division has possessed jurisdiction to entertain any probate matter regardless of whether *or* not the relief sought involved purely equitable remedies." The trial court had jurisdiction to make this award.

Since the trial court did not erroneously declare or apply the law, the only question left for review under the standard of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), is whether there is substantial evidence to support the award.

■ While there is scant authority, Missouri seems to follow the rule that expenses incurred by a beneficiary of an estate, rather than the personal representative, must be shown to be beneficial to the estate as a whole rather than to just individuals interested therein. *Foster's Estate v. Theis*, 290 S.W.2d 185 (Mo.App.1956) quoting *Becht v. Miller*, 279 Mich. 629, 273 N.W. 294, 297 (1937). *See also, Cooper v. Jones*, 78 App.Div.2d 423, 435 N.Y.S.2d 830, 834 (1981); *Matter of Estate of Williams*, 196 Neb. 139, 242 N.W.2d 612, 615 (1976); *Pierce v. Tharp*, 224 Tenn. 328, 455 S.W.2d 145, 148 (1970). As a general principle, the allowance of attorney fees under the criteria of "equitable balancing of benefits" is governed by the rule in *Dugger v. Welp*, 646 S.W.2d 907, 909 (Mo.App.1983), that "very unusual circumstances" must be shown. *See also Cimasi v. City of Fenton, supra.* As to this specific situation, where a beneficiary of an estate is seeking an allowance for attorney fees from the estate based upon an action for an account-

ing from and removal of a personal representative, there should exist the requirement that not only must the action have been successful, but that the result is beneficial to the estate.

■ The appellant does not challenge the trial court's finding that Breen's effort to remove the personal representative benefited the estate as a whole. In its order the trial court further said, "[h]ad Betty Breen not come forward to protect the interest of the estate, further neglect would have ensued at the hands of the former personal representative." For more detail of the personal representative's neglect, *see* *Breen v. Miller, supra.* Suffice it to say the former executor had allowed the estate to stay open for 26 years. In the years before the Breen action a farming business had been run without court approval and no settlements had been filed. It also appeared as if some of the estate's assets had dissipated or been lost during the pendency of the first executor's administration. The trial court was careful not to give Breen credit for attorney services that were either personal to her or which did not directly relate to securing the removal of the former personal representative. The appellant did not contest the reasonableness of the fees or expenses. Thus, there is substantial evidence to support the award of $16,690.79 for attorney's fees and expenses.

The judgment is affirmed.

All concur.